**UNITED STATES  v.  COHEN et al.**

United States District Court
S. D. New York.
Dec. 28, 1953.

See also 113 F.Supp. 955.

**270**

J. Edward Lumbard, U. S. Atty., for Southern Dist. of N. Y., Brooklyn, N. Y., for the United States. Richard Owen, Asst. U. S. Atty., of counsel.

Milton C. Weisman, New York City, for defendants Helfer, King and Weiger.

Harvey M. Lewin, New York City, for defendant Charles Cohen.

Harper & Matthews, New York City, for defendant Shepard Shaff.

Robert I. Rogin, New York City, for defendant Bernard Tilson.

Lester Samuels, New York City, for defendant Herman Persily.

William W. Kleinman, Brooklyn, N. Y., for defendants Milton Inkeles and James Visconti.

DIMOCK, District Judge.

This is a motion by nine defendants for an order pursuant to Rules 16 and 17 (c) of the Federal Rules of Criminal Procedure, 18 U.S.C., directing the United States Attorney to permit them to inspect, copy or photograph certain books, papers and records in the possession of the Government. These defendants, wholesale egg dealers, are named among 21 defendants in an indictment charging that they conspired in violation of section 371 of title 18, United States Code, to bribe three Department of Agriculture egg inspectors to issue false egg inspection certificates. They have issued a subpoena duces otecum to the United States Attorney for the production of certain papers at trial, and now seek pre-trial discovery and inspection of the subpoenaed documents.

The Government contends that, of the seven categories of documents set forth in the subpoena duces tecum, only the third is properly a subject of inspection and that there is no showing of good cause for pre-trial disclosure of the other documents sought by defendants.

Rule 16 of the Federal Rules of Criminal Procedure provides that: "Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the

government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable." Rule 17(c) of the Federal Rules of Criminal Procedure also purports to give what is in effect a right of discovery. It authorizes the issuance as of right of a subpoena duces tecum for production of "the books, papers, documents or other objects designated therein" subject to quashing on a showing that "compliance would be unreasonable or oppressive." The rule further provides that the court may direct production of the designated documents for inspection before trial. The right to pre-trial inspection under rule 16 is conditioned upon a showing of materiality and reasonableness while that under rule 17(c) seems substantially unqualified.

The relation between these two rules, insofar as material in possession of the Government is concerned, was the subject of the decision in Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879. That case has been interpreted by the district courts and the profession (correctly, as I believe) as holding that rule 17(c) provides for the production before trial of the material which, because neither "obtained from or belonging to the defendant" nor "obtained from others by seizure or by process," may not be obtained from the Government before trial under rule 16. This leaves for the subject of rule 17(c) material "obtained by the Government by solicitation or voluntarily from third persons", see the Bowman opinion, 341 U.S. at page 221, 71 S.Ct. 679, and, as I understand it, material which has been in the Government's possession from the time of its origin. Defendants have here adopted, out of pardonably abundant caution, a dragnet practice. They ask for all the material desired by way of a mo-

tion under rule 16. They have served a subpoena on the United States Attorney requiring the production of the same material under rule 17(c) and ask for this production before trial by way of a motion under that part of rule 17(c) which provides that the court may direct production of the designated material before trial. While rule 16 and the pre-trial provisions of rule 17(c) are mutually exclusive, defendants deem it safer to apply under each rule for all of the material desired and thus meet the possibility that they might err in classifying a given document under a given rule.

■ As stated above, documents which are obtainable, if at all, under rule 16 may be obtained by a defendant only "upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable." Rule 16 F.R.Crim.Proc. Documents which are obtainable, if at all, under rule 17(c) may be obtained from the Government under conditions indicated in the discussion in the Bowman opinion which have been well codified by Judge Weinfeld in United States v. Iozia, D.C.S.D.N.Y., 13 F.R.D. 335, 338, as follows:

"(1) That the documents are evidentiary and relevant;

"(2) That they are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence;

"(3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;

"(4) That the application is made in good faith and is not intended as a general fishing expedition."

My task in this case is, therefore, first to decide whether a given item is of the character obtainable under rule 16 or of the character obtainable under rule 17 (c). If it belongs to the rule 16 class I must apply the test laid down in that

rule. If it belongs to the rule 17(c) class I must apply the test laid down by Judge Weinfeld in the Iozia case.

The seven items sought by the subpoena duces tecum are as follows.

### "(1)

"All Department of Agriculture egg grading memoranda made by graders Lamcke, Pepoon and Tilson relative to the indictment; all egg storage warehouse records, documents, and papers with respect thereto; all Department of Agriculture egg grading certificates issued thereon; all Department of Agriculture books, records, memoranda, investigative reports and exhibits relative to subsequent reinspection, regrading and re-examination of eggs referred to in the above memoranda and certificates; all records, books, memoranda and exhibits relative to grading and acceptance of the eggs referred to aforesaid by consignees or purchasers thereof and any and all written statements or transcripts of testimony by said consignees or purchasers with respect thereto.

### "(2)

"Department of Agriculture official handbook or handbooks of instructions to egg graders relative to egg grading during period covered by the indictment and to the present.

### "(3)

"All books, records, documents and papers of defendants relative to the indictment and the particular parts thereof relied on by the Government.

### "(4)

"Telephone Company toll records, relative to the indictment.

### "(5)

"All statements in writing or transcripts of testimony and alleged confessions in writing of and by Lamcke and Schraeder relative to the indictment and all exhibits in connection therewith; all statements in writing or transcripts of testimony by defendants or any witness relative to the indictment, and all exhibits in connection therewith.

### "(6)

"All investigative reports and office memoranda relative to the indictment and all exhibits in connection therewith.

### "(7)

"And all other evidences, writings, documents, books, papers, objects, exhibits of evidentiary character in the premises in the custody of the United States attorney."

Of these, only the material described in Item (3) seems to have been obtained from or to belong to the defendant or to have been obtained by the Government from others by seizure or process so as to come within rule 16. Since Item (3) falls within rule 16, it may be inspected upon a showing that the documents sought may be material to the preparation of the defense and that the request is reasonable.

The Government has consented to inspection of Item (3) except as to "the particular parts thereof relied on by the Government." The Government contends that to require it to point out to the defendants which portions of their books it relies on is unreasonable. Defendants have nothing to say in support of any such procedure. The subpoena command could be literally obeyed without pointing out the parts of the various papers relied on since all that it directs is that those parts be produced. The Government could not produce the whole without producing the parts. The form of the command was not a mere inadvertence of the draftsman but was an attempt to make a subpoena perform an office for which it never was intended. If there were some other procedure under which defendants would be entitled to the relief that they thus seek I would be disposed to treat the present motions as made in accordance with that proce-

dure. There is no such procedure, however. To the extent that a defendant is entitled to know the theory of the Government's prosecution he must exercise his rights within the procedure afforded by a motion for a bill of particulars. The Criminal Rules do not permit the interrogatories which are offered by the Civil Rules, 28 U.S.C., as a substitute for bills of particulars. I treat the present application as one for a bill of particulars as to what portions of the documents to be produced under Item 3 the Government intends to rely on but I follow Judge Wright's holding that the instant case is not a proper one for a bill of particulars. United States v. Cohen, D.C. S.D.N.Y., 113 F.Supp. 955.

■ The other six items fall under rule 17 (c) so, as to them, I must apply the rules laid down in the Bowman case for such instances. As indicated above I shall follow Judge Weinfeld's codification in the Iozia case.

■ The Government first makes the point that the application is not made in good faith within the Iozia rules. It is said that bad faith appears from the broad sweep of the subpoena, its demand for privileged matter and for material already in possession of defendants, its description of the desired papers as those relative to the indictment and finally the execution of the moving affidavit by an attorney other than the one who had presented the preceding motion for a bill of particulars which resulted in an opinion containing the statement that it would be difficult to imagine a case in which a more complete disclosure had been made of the evidence upon which the Government would rely. I reject this contention. The case involves a conspiracy charge against twenty-one defendants and it is essential that each have an opportunity to examine before trial documents which may be introduced against him but which he has never before seen.

■ The Government makes the further general charge that defendants do not meet the burden cast upon them to make the showing required by the Iozia rules that the desired documents are not otherwise procurable by defendants reasonably in advance of trial by the exercise of due diligence. I think that this charge is well founded. In no instance do defendants make that showing. In the usual case accessibility of a copy of a document will be sufficient for the purpose of preparation for trial so that, unless a defendant makes a specific point of the desirability of the original for comparison or similar purposes, the court should treat availability of copies as equivalent to availability of the originals. It is pointed out by Judge Wright in United States v. Cohen, D.C., 113 F.Supp. 955, supra, that there has been an enormous amount of litigation and semi-litigation over the subject matter of the indictment so that defendants have in their possession or available to them an extensive mass of documentary material which will be evidentiary in the trial of the indictment. Defendants cannot, within the spirit of Judge Weinfeld's ruling in the Iozia case, sit back and ask the Government to produce all the relevant evidentiary documents so that defendants may avoid the trouble of searching for them in their own files or elsewhere. If defendants insist upon proceeding with catch-all descriptions they must at least list the evidentiary documents that are available to them elsewhere and exclude them from those demanded of the United States Attorney.

The affidavit in support of the application for the submission of the documents in advance of trial does not contain a single specific statement that any particular document desired is not procurable by defendants.

■ An unsworn statement was made in defendants' brief that Item (2) had been refused to defendants unless they obtained a court order but I cannot accept anything so casual in the light of the explicit requirements of the Bowman opinion as codified in the Iozia case. Moreover I have no power to issue a

court order to the Department of Agriculture to obey a subpoena addressed to the United States Attorney and the United States Attorney disclaims possession of the document.

The statement was made upon a supplemental oral argument that the Department of Agriculture inspection certificates were obtainable from that Department only upon an application by each defendant for the certificates which concerned him but no statement has been made that demands by such defendants have been refused. If the point is that defendants other than those who wish to see the certificates refuse to make the demands the facts should be set out by affidavit.

Except to the extent consented to, the motion is denied, without prejudice to renewal upon a showing that the conditions laid down in United States v. Iozia have been met.