UNITED STATES of America,

v.

David L. SHINDLER, Arnold M. Gotthilf,
Bernard Berk and Martin Shindler,
Defendants.

United States District Court
S. D. New York.

Jan. 29, 1959.

See, also, 173 F.Supp. 393.

Arthur H. Christy, U. S. Atty., Leonard R. Glass, Asst. U. S. Atty., New York City, for the United States.

Sol Gelb, New York City, for defendant Bernard Berk.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for defendant, David L. Shindler (by Milton C. Weisman, New York City, Harry I. Rand, Washington, D. C., of counsel).

Lester Samuels, New York City, for defendant Martin Shindler.

O. John Rogge, New York City, for defendant Arnold M. Gotthilf.

FREDERICK Van PELT BRYAN, District Judge.

Defendant David L. Shindler has moved, pursuant to Rules 16 and 17(c), F.R. Crim.P., 18 U.S.C.A. for an order directing the United States Attorney and the Regional Administrator of the Securities and Exchange Commission to produce for inspection and copying prior to trial a large volume of books, papers, documents and records in their possession, including transcripts of testimony taken before the Securities and Exchange Commission, statements of witnesses and

other material. Each of the other defendants join in the motion, relying largely on the papers submitted by defendant David Shindler in support of his motion.

In aid of the proposed discovery defendant David Shindler has served identical subpoenas duces tecum upon the United States Attorney and the Regional Administrator of the Securities and Exchange Commission calling for the production of the same material covered by his motion. The Government has cross-moved, pursuant to Rule 17(c), F.R.Crim. P., to quash the subpoenas.

Defendants are charged in a three-count indictment with violation of § 17 (a) of the Securities and Exchange Act of 1933, 15 U.S.C.A. § 77q (a), and § 9 (a) (2) of the Securities & Exchange Act of 1934, 15 U.S.C.A. § 78i (a) (2), and with a conspiracy among themselves and other alleged co-conspirators not named as defendants to violate these provisions.

The essence of the charge is that defendants engaged in manipulations of the stock of Jerry O'Mahoney, Inc., a New Jersey corporation, so as artificially to raise the price of such stock on the American Stock Exchange by creating actual and apparent trading in the stock for the purpose of inducing others to purchase it. The transactions by which this is alleged to have been accomplished are numerous and complicated and involve the use of alleged dummy purchasers and sellers on the Exchange, artificial maintenance of Stock Exchange prices and off the Exchange purchases and sales. The transactions involved some hundred purchasers and sellers through some eighty brokers and cover a period of several years.

Pursuant to orders of the court defendant David Shindler has been furnished with a bill of particulars and a supplemental bill of particulars setting forth details as to these transactions.

In the course of an extensive investigation of defendants' activities the Securities and Exchange Commission and the United States Attorney have come into the possession of a mass of books, records, papers and documents covering the transactions which are the subject of the indictment. The material was obtained from brokers, traders, specialists in stock and others. Some of it was procured by subpoena, some by request letter, and some apparently by voluntary production. Part of the material consists of original papers, records and documents. Part consists of copies of the originals.

In addition, the Securities and Exchange Commission took extensive testimony from persons participating in or familiar with these transactions, procured statements from others, and also took a statement from Bernard Berk, one of the defendants.

The motions for discovery and the subpoenas duces tecum call for the production of a number of categories of material which may be grouped as follows:

1. Papers, books and records, etc., concerning transactions engaged in by traders in the stock.

2. Similar material relating to transactions engaged in by brokerage firms.

3. Similar material as to transactions engaged in by specialists in the stock.

4. All other books, documents and papers relating to the subject matter of the proceeding obtained by the Government from defendants or others by seizure or process, including those used before the Grand Jury or to be used as evidence.

5. Responses to questionnaires, schedules of Stock Exchange transactions and all other papers and documents used by the Securities and Exchange Commission in connection with its investigations, and all "orders, reports and official documents" issued by the Commission in connection with such investigation.

6. Transcripts of testimony before the Securities and Exchange Commission taken both from prospective Government

witnesses and from persons other than prospective Government witnesses.

7. Statements made to agents of the Government by prospective witnesses or others.

Included is the transcript of the testimony of defendant Berk who was the only defendant to testify before the Commission.

The Government originally took the position that the defendants were entitled only to such original papers, books and records as were still in its hands relating to the transactions by traders, brokers and specialists in the stock which were actually procured by subpoena and not those which were produced upon request or otherwise, or of which it only had copies. Thereafter it rightly modified its position so as to include all of such material whether produced under subpoena, by request, or otherwise and whether it was the original or merely a copy.

Nevertheless, there still seems to be some doubt as to the extent of the Government's concession.

 There is no question in my mind that the defendants cannot prepare adequately for trial without an inspection of all books, papers, records and documents obtained by the Government from any persons who participated in transactions in this stock during the period covered by the indictment whether as trader, alleged nominee, broker or specialist.[1] Defendants have shown good cause for such inspection under the standards laid down in United States v. Iozia, D.C.S.D.N.Y., 13 F.R.D. 335. Cf. United States v. Duncan, D.C.S.D.N.Y., 22 F.R.D. 295.

The wide scope of the alleged transactions, the scores, if not hundreds of persons involved, the complexity of the operations, and the long period of time covered, would make it virtually impossible for defendants to prepare an adequate defense to these charges unless they had access to this mass of material. The defendants plainly have no facilities to obtain such material on their own. If they were not given access to it the trial would run to inordinate length while defendants were permitted to examine the proposed material as it was offered during the course of the trial. Moreover, they should be permitted to determine whether any of the material might affirmatively aid in their defense.

The remainder of the items requested (with one exception) require little discussion.

 Item 6 of the notice of motion, in so far as it seeks to cover any material other than that included in items 1 through 5, is denied. The Government is not required to identify what documents it used before the Grand Jury or what are to be offered in evidence.

 Except in so far as the material is already included in items 1 through 5 of the notice, defendants are not entitled to item 7. They have no right to inspect the orders, reports and official documents issued by the Commission in connection with its investigations except in so far as these may be matters of public record, nor the writings used by the Commission in connection with its investigations, whatever that may mean. If taken literally, this would include all kinds of reports of agents, interoffice memoranda, and communications of similar nature which are not evidentiary in any sense and are confidential work papers of the Commission. The questionnaires, in so far as they may be relevant, really are in the nature of statements made to the Commission and fall in the next category discussed.

 Items 8, 9, 10 and 11 of the notice of motion relate to transcripts of testimony before the Commission and

---

1. It seems that the Government has no papers or records in its hands obtained from the defendants by seizure, process or otherwise. If it has the defendants are clearly entitled to inspect these also.

statements given to agents, either by prospective witnesses or others. Defendants virtually concede that they are not entitled to this material but have merely asked for it to preserve the point. It is well settled that they are not entitled to this material prior to the time when the witness testifies on direct examination at the trial. 18 U.S.C. § 3500; United States v. Spangelet, 2 Cir., 258 F. 2d 338; United States v. Palermo, D.C. S.D.N.Y., 21 F.R.D. 11; United States v. Benson, D.C.S.D.N.Y., 20 F.R.D. 602; United States v. Duncan, supra.

■ Finally, defendants, including Berk, seek to inspect the transcript of Berk's testimony before the Securities and Exchange Commission. In United States v. Schluter, D.C.S.D.N.Y., 19 F.R.D. 372, 374, Judge Ryan, in granting a request of the defendants to inspect their own statements made before the Securities and Exchange Commission said:

"I think that with respect to their own statements defendants have met the requirements of Rules 16 and 17 and of Bowman Dairy v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879. Presumably the statements are lengthy and detailed involving matters of an intricate nature; they are relevant and evidentiary; the trial of this cause by its very nature is bound to be protracted and to involve a mass of documentary evidence. Under the circumstances the defendants' request is reasonable and made in a good faith effort to obtain evidence which may be material to their defense; inspection of their statements prior to trial will save some delay in the course of the trial. United States v. Carter, D.C., 15 F.R.D. 367."

The language of Judge Ryan is apposite here. United States v. Klein, D.C.S.D. N.Y., 18 F.R.D. 439. Cf. United States v. Duncan, supra, 22 F.R.D. at page 295; United States v. Louie Gim Hall, D.C.S.D.N.Y., 18 F.R.D. 384.

Berk apparently gave testimony before the Securities and Exchange Commission on several occasions and at some considerable length. In view of the extensive and complicated transactions here and the long period of time which they cover, I will exercise my discretion so as to permit Berk to inspect the transcript of his own testimony. The other defendants have shown no good cause why they should be permitted to examine Berk's testimony and their request for permission to make such an inspection at this stage of the case will not be granted.

The respective motions of defendants and the Government are granted to the extent indicated. In all other respects they are denied.

Settle order on notice.