**UNITED STATES of America**
v.
**Ian WOODNER, Defendant (two cases).**

United States District Court
S. D. New York.
May 14, 1959.

**34**

Arthur H. Christy, U. S. Atty., New York City, for United States, John C. Lankenau, Asst. U. S. Atty., New York City, of counsel.

Louis Bender, New York City, for defendant.

FREDERICK van PELT BRYAN, District Judge.

Two indictments have been returned against the defendant. The first, in one count, charges an attempt to defeat and evade income taxes for the year 1950 by filing a false and fraudulent return. The second, in three counts, charges the same offense for the years 1951, 1952 and 1953.

Defendant moves, pursuant to Rule 16, F.R.Cr.P. 18 U.S.C.A., for discovery and inspection of a mass of books, records, papers and documents of several corporations and firms and several individuals which he alleges were obtained by the Government by seizure or by process. Defendant has also served a subpoena duces tecum upon the United States Attorney and the District Director of the Internal Revenue Service in Baltimore, pursuant to Rule 17(c), calling for production of the same material referred to in his motion for discovery, and, in addition, any records or wiretaps of conversations between defendant and any one else, all exhibits presented to the Grand Jury, or to be offered by the Government at the trial, or which may be admissible in evidence, and all written statements of witnesses. The Government in turn has moved to quash the subpoena.

The Government has also moved for consolidation of the trial of the two indictments, pursuant to Rules 8 and 13, F.R.Cr.P.

The controversy as to the production of the material called for by the motion for discovery has generated some confusion. As far as I can ascertain, while the Government had possession of most of the material called for by the defendant, all of the originals, with a few possible exceptions noted hereafter, have been returned to the corporations, firms or individuals from whom they had been obtained by process, and are not now in the Government's possession. Most have been returned to corporations and firms which seem to be under the defendant's control or are ready to cooperate with him, and the defendant now has full access to all of this material and had at least limited access to most of it while it was in the possession of the Government.

This also seems to be true of the Riggs National Bank and the Chemical Corn Exchange Bank which have records involving transactions with defendant's companies. There is nothing to indicate that the defendant has not equal access to whatever material was obtained from named individuals which has since been returned to them by the Government.

██ The defendant, however, insists that he has a right to inspect the photostatic or other copies which the Government took of selected portions of such material while the material was in its possession. Upon what theory he could be entitled to such an inspection is quite beyond me. The purpose of Rules 16 and 17(c) is to give defendant access to material which the Government has in its possession which is not available to him and which he needs before trial. See Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879; United States v. Cohen, D.C.S.D.N.Y., 15 F.R.D. 269. If such material is available to the defendant, and, indeed, as here, for all practical purposes subject to the defendant's control, there is no ground for relief under either rule. In such circumstances Rule 16 does not by its terms apply and good cause for relief under Rule 17(c) has not been shown. See United States v. Iozia, D.C., 13 F.R.D. 335; cf. Monroe v. United States, 98 U.S.App.D.C. 228, 234 F.2d 49, certiorari denied 352 U.S. 873, 77 S.Ct. 94, 1 L.Ed. 2d 76.

██ Moreover, the Government's position is well taken that to permit a defendant to inspect selective portions of the material which it has copied would amount to a disclosure of details of its case to which the defendant is plainly not entitled. See United States v. Cohen, supra.

For these reasons the motion for discovery and inspection is denied with the exceptions noted below, and the Government will not be required to produce the material specified in items 1 to 13 of the subpoena duces tecum.

Apparently the Government has in its possession the files of David Vorhaus and Sidney Allen in the case of Ian Woodner v. Ruth Woodner. It consents to the inspection, and presumably the copying of these items at the office of the United States Attorney, and the defendant will be permitted to do so.

The remaining items called for in the subpoena may be briefly disposed of.

██ The Government states that it has no records, recordings or wiretaps of any conversations with the defendant as specified in item 13 of the subpoena and there is therefore nothing of this nature for the defendant to inspect. The request for inspection of all the exhibits before the Grand Jury to be introduced in evidence by the Government, or which may be admissible as evidence, is a blanket request which does not attempt to particularize to any degree at all specific documents which may be desired. The "fishing expedition" cliche applies to such a request and the defendant is plainly not entitled to have it granted.

██ Nor is the defendant entitled to the statements of witnesses. 18 U.S.C. § 3500; United States v. Palermo, D.C. S.D.N.Y., 21 F.R.D. 11; United States v. Carter, D.C.D.C., 15 F.R.D. 367.

██ There is one remaining item. The defendant seeks inspection of his own testimony before a grand jury in the District of Columbia which indicted him for filing a false document with the Federal Housing Authority in violation of 18 U.S.C. § 1010. The defendant was tried on this charge in the District of Columbia and acquitted. It appears that during the course of the trial the testimony which he gave before this grand jury was made available to his attorney by the court after portions of defendant's testimony were read in evidence on the Government's direct case.

The defendant has no copy of that testimony. A transcript is in the hands of the United States Attorney.

Apparently this testimony related to the affairs of one or more of defendant's corporations which the present indictments charge were the sources of income on which he attempted to evade tax. Sufficient has been shown by the affidavits submitted by the defendant to indicate that some of this testimony at least may be relevant to the subject matter of the present indictment.

There is plainly no question of the secrecy of the grand jury proceedings in so far as this testimony is concerned, since part of the testimony was read into the record and the balance was disclosed to defendant's counsel at the trial. Defendant's then counsel, who is not his counsel on the instant application, did not make a copy of the testimony. It is not reasonable to suppose that a hasty examination of 130 pages of testimony by counsel on an inspection during the course of a trial held in January 1957, would give defendant, at this time, any full or even adequate notion of all the subject matter that was covered.

I have said in my opinion in United States v. Berman, D.C., 24 F.R.D. 26, that in my view the court has power in its discretion to permit inspection by a defendant of his own statements or transcript of testimony in the hands of the Government. Here the circumstances are appropriate for permitting such an inspection, particularly in the light of what has previously occurred and since secrecy of grand jury proceedings is not longer involved. Defendant will therefore be permitted to inspect the transcript of his own testimony before the District of Columbia grand jury, but his own testimony only.

The motion for discovery and inspection is denied except to the limited extent indicated in this memorandum. The Government's motion to quash the subpoena duces tecum issued by the defendant is in all respects granted.

 I am advised that the defendant has no objection to the consolidation of the two pending indictments for trial. Such a consolidation is plainly called for under the circumstances. The Government's motion for consolidation is therefore granted.

So ordered.