**738**

UNITED STATES of America,
Plaintiff,

v.

Clement G. CAFARELLI, Leo J. Puc-
cinelli, and George T. Tayler,
Defendants.

Re Motions of George T. Tayler and
Clement G. Cafarelli.

No. Cr-28-59.

United States District Court
D. Utah,
Central Division.

June 25, 1959.

A. Pratt Kesler, U. S. Atty., and Wil-
liam Jack Adams, Asst. U. S. Atty., for
District of Utah, Salt Lake City, Utah,
for plaintiff.

Eks Ayn Anderson and Leo A. Jar-
dine, Salt Lake City, Utah, for defendant
Clement G. Cafarelli.

Leonard W. Elton (of Rich, Elton &
Mangum), Salt Lake City, Utah, for de-
fendant Leo J. Puccinelli.

Lionel M. Farr, Salt Lake City, Utah,
for defendant George T. Tayler.

John Lee, Salt Lake City, Utah, for
Securities & Exchange Commission.

CHRISTENSON, District Judge.

The Court today has filed its memo-
randum decision, D.C., 183 F.Supp. 734,
denying the motion of the defendant Leo
J. Puccinelli to dismiss the indictment as
to him on the grounds stated in said mo-
tion. The Court also denied Mr. Puc-
cinelli's motion for a severance.

What was said in the memorandum
sufficiently indicates the bases of the
Court's conclusion that a similar motion
filed with leave of Court on behalf of
defendant Clement G. Cafarelli should
be denied. Mr. Cafarelli's motion to dis-
miss the indictment, accordingly, is here-
by denied.

The foregoing rulings are dispositive
in principle of the additional motion of
defendant George T. Tayler to dismiss
the indictment and to reconsider the
defendant Tayler's motion for severance,
except for two additional points urged
by Mr. Tayler.

A statement by the Court at the time
of the hearing of other motions in this
case to the effect that certain allegations
of the indictment would be "deemed
amended" by changing the word "de-
fendants" to "defendant" and by elimi-
nating the names of certain defendants
from the allegations contained in said
counts is seized upon by defendant Tay-
ler to indicate that the indictment was
amended beyond the claim made in the
motion of the defendant Puccinelli al-
ready resolved. A reference to page 4
of the transcript of the proceeding in
question shows that the order of amend-
ment in the form claimed by defendant
Tayler was vacated and orders of dis-
missal entered as a substitute therefor.
I have already indicated my view that
these orders of dismissal would not
amount to any amendment of the indict-
ment.

Mr. Tayler further alleges that cer-
tain counts are bad because exceptions to

the operation of the penal provisions provided in 15 U.S.C.A. § 77d are not negatived therein. The cases of McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301, and Edwards v. United States, 312 U.S. 473, 61 S.Ct. 669, 85 L.Ed. 957, on this point are controlling against Tayler's contention.

Tayler's further motion to dismiss and his motion to reconsider the prior order denying severance are hereby denied.