UNITED STATES of America,

v.

Joseph ABRAMS, Sydney L. Albert, David Shindler, Larry Knohl, Charles Gordon and Richland Securities, Inc., Defendants.

United States District Court
S. D. New York.
Dec. 15, 1961.

**180**

Robert M. Morgenthau, U. S. Atty., New York City, Arnold N. Enker, Asst. U. S. Atty., New York City, of counsel, for the United States of America.

Henry G. Singer, Brooklyn, N. Y., for defendants, Joseph Abrams, Charles Gordon and Larry Knohl.

Edward Bennett Williams, Washington, D. C., for defendant, Sydney L. Albert.

CASHIN, District Judge.

The indictment in this case was filed on April 3, 1961. It contains 104 counts, all of which relate to the sale of common stock of the Automatic Washer Company. Counts 1 to 103 charge the use of the facilities of interstate commerce to sell unregistered Automatic Washer stock in violation of 15 U.S.C.A. §§ 77e(a) (1) and 77x and the use of the mails to carry certificates of unregistered Automatic Washer stock for the purpose of sale and for delivery after sale in violation of 15 U.S.C.A. §§ 77e(a) (2) and 77x.

The defendants have made various motions to dismiss the indictment, for severance, for bills of particulars and for discovery and inspection. The Government has moved to quash several subpoenas duces tecum which defendants, David Shindler and Sydney L. Albert, have served pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. Since the filing of the indictment in this case defendant, David Shindler, has died and, accordingly, is no longer a party to these proceedings.

## MOTIONS TO DISMISS

Defendants move to dismiss the indictment on a variety of grounds. They allege that the indictment must be dismissed because it fails to state facts sufficient to constitute an offense against the United States, because it does not negative a certain exemption, because it fails to allege that defendants' acts were willful violations, as distinct from wilfully committing the physical acts involved, because of illegal joinder of offenses and defendants, and because it violates the First, Fifth and Sixth Amendments to the Constitution of the United States. I have examined all of these grounds and find that defendants' motions to dismiss must be denied.

The courts have consistently held that an indictment is sufficient where it is pleaded in the language of the statute and informs the defendant of the nature of the charges. United States v. Ansani, 240 F.2d 216, 223 (7 Cir.1957), cert. denied Milner v. U. S., 353 U.S. 936, 77 S.Ct. 813, 1 L.Ed.2d 759 (1957); United States v. Smith, 232 F.2d 570 (3 Cir.1956). The present indictment contains all the elements of the offenses charged and sufficiently apprises the defendant of what he must be prepared to meet at the trial. Nor can the indictment be dismissed because, as defendants assert, it violates their right to a speedy trial. The right to a speedy trial

does not arise until the defendants have been formally charged. In this case, defendants allege that because they gave testimony in 1957 before the Securities and Exchange Commission in connection with the affairs of the Automatic Washer Company, "the facts were in the Government's possession for almost five years before the filing of the indictment" in 1961. However, since the indictment was not filed until 1961, I find no violation of defendants' rights to a speedy trial.

██ Defendant, Sydney L. Albert, argues at length in his brief that the indictment must be dismissed because it fails to allege that he had the status of an "issuer, underwriter or dealer" with respect to the transactions charged. Defendant further contends that, even assuming that his status is not an essential element of the offense, the indictment is defective under the general rule as to when a statutory exception must be negated. It has long been held that the indictment, founded on a general provision defining the elements of an offense, need not allege that the defendant does not come within the exempted clause. McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 67 L.Ed. 301 (1922); Edwards v. United States, 312 U.S. 473, 483, 61 S.Ct. 669, 85 L.Ed. 957 (1941). In Edwards v. United States, supra, this general rule was applied to the Securities Act of 1933. In that case, an indictment under Section 5(a), 15 U.S.C.A. § 77e(a), was upheld against the contention that it was defective for failure to negative the exemptions provided in Section 3 of the Securities Act of 1933, 15 U.S.C.A. § 77c. The specific exemption at issue is no different, and it is not necessary that the indictment plead that defendants acted as issuers, underwriters or dealers. United States v. Van Allen, 28 F.R.D. 329 (S.D.N.Y.1961); United States v. Cafarelli, 183 F.Supp. 738 (D.Utah 1959). It is defendant's contention that it is the practice in all cases under Section 5 of the Securities Act of 1933 to

allege that the defendants acted as issuers or underwriters or dealers or to state facts in the indictment which made it clear that the defendants had the status of issuers, underwriters or dealers. Although defendant argues this point at length, I find no support for it in the cases. The general rule laid down in the McKelvey and Edwards cases, supra, is that the indictment need not allege that the defendant does not come within the exempted clause. There is nothing in these or other cases to support defendant's position that this rule only applies where the facts alleged make it obvious that the defendant is not within the exempted clause.

I also find that the indictment contains no illegal joinder of offenses or defendants and does not violate any amendment to the Constitution of the United States. Similarly, I find no merit in the contention that the indictment is defective because it fails to allege that defendants' acts were willful violations, as distinct from wilfully committing the physical acts involved.

Defendants' motions to dismiss are denied in their entirety.

## MOTIONS FOR SEVERANCE

Defendants Abrams, Gordon and Knohl ask for various degrees of severance. Knohl asks to be tried with Albert but separately from the other defendants. Abrams and Gordon want to be tried separately from Albert.

██ The granting of separate trials is within the discretion of the trial judge and the burden is on the defendants to show they will not be able to obtain a fair trial if tried with the other defendants. Hall v. United States, 83 U.S.App. D.C. 166, 168 F.2d 161, 4 A.L.R.2d 1193 (D.C.Cir.1948), cert. denied 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775 (1948). The basis for defendants' motions is that "conflict and antagonism" exists between Abrams and Gordon on one hand with Albert on the other. This is the sole ground advanced, except that defendants

also argue that there was illegal joinder and that this is a ground for severance. This argument was disposed of above. Conflict between defendants in conspiracy trials is common and severance will not be granted where this is the sole ground alleged. United States v. Cohen, 124 F.2d 164 (2 Cir.1941), cert. denied sub nom. Bernstein v. United States, 315 U.S. 811, 62 S.Ct. 796, 86 L.Ed. 1210, rehearing den. 316 U.S. 707, 62 S.Ct. 941, 86 L.Ed. 1774 (1942).

Motions for severance denied.

## DISCOVERY AND INSPECTION

Defendant Shindler has moved for discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and has served subpoenas duces tecum upon the United States Attorney and the New York Regional Office of the Securities and Exchange Commission pursuant to Rule 17(c). Defendant Albert adopts Shindler's application for discovery and inspection and has also served subpoena duces tecum. Although Shindler is no longer a party to these proceedings, his motion will be treated as if made by Albert.

Rule 16 of the Federal Rules of Criminal Procedure provides for a very limited discovery. Before a defendant is entitled to discovery certain requirements must be met—

1. The evidence must consist of tangible objects such as books, papers, documents, etc.;

2. These objects must belong to or been obtained from the defendants or obtained from others by seizure or process;

3. The objects sought must be shown to be material to the preparation of the defense;

4. The request must be shown to be reasonable.

 It seems clear that a discovery procedure must be governed by Rule 16. Rule 17(c) is not a discovery rule but, rather, its purpose is to shorten a trial by requiring the production before trial of documents subpoenaed for use at the trial. As the Supreme Court said in Bowman Dairy Co. v. United States, 341 U.S. 214, 220, 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951)—

"It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. Rule 17 provided for the usual subpoena *ad testificandum* and *duces tecum*, which may be issued by the clerk, with the provision that the court may direct the materials designated in the subpoena *duces tecum* to be produced at a specified time and place for inspection by the defendant. Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials. United States v. Maryland & Virginia Milk Producers Ass'n [D. C.], 9 F.R.D. 509."

Thus, Rule 17(c) was not intended as a means of additional discovery. I believe it should be construed as providing for the traditional type of trial subpoena although it may be made returnable before the actual date of the trial. To interpret this Rule differently would strip Rule 16 of all meaning. In accordance with the above, the Government's motion to quash the subpoena duces tecum is granted at this time.

In his motion for discovery and inspection, Albert asked for a great many documents. The list of his requests is divided into fifteen paragraphs, of which the Government has consented to paragraphs 3, 4, 6, 7, 8 and 9. It opposes all the other requests. The Government has also consented to make available to defendants all documents specifically referred to in the indictment to the extent that they are in the Government's possession.

 Paragraphs 1 and 2 of Albert's list request all books, papers and

documents relating to the subject matter of this proceeding obtained from anyone by seizure, process or in any other manner. They also request all documents that were presented to the Grand Jury. The Government does not have any documents obtained from or belonging to the defendant Albert. As to all the other documents requested, the defendant is clearly not entitled to them. The request for all documents presented to the Grand Jury does not specify any particular document, nor is there any showing as to the reasonableness of the request or of the materiality to the defense of the items requested. United States v. Woodner, 24 F.R.D. 33 (S.D.N.Y.1959). Moreover, the secrecy of Grand Jury proceedings is an old established policy and is not to be deviated from except for a substantial reason. United States v. Procter & Gamble, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

 Paragraph 5 is a blanket request for anything and everything the Government has "relating to the commencement and carrying out of the combination, conspiracy, confederation and agreement alleged in Count 104 of the Indictment." No documents are specified nor is there any showing as to the reasonableness of the request. Furthermore, there is no showing that the items requested were obtained from or belonged to the defendant or that they were obtained from others by seizure or process.

 Paragraph 10 requests all books, papers, documents, data, writings and records of whatever character used by the Securities and Exchange Commission in its investigations regarding the stock of Automatic Washer Company. Included in this request are responses to questionnaires and schedules of stock transactions. The schedules have been compiled from original documents for the Government investigators' own purposes. The questionnaires, if discoverable at all, would only be available to the defense after the witnesses testify at

trial. 18 U.S.C. § 3500. Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). This paragraph is denied in its entirety.

 Paragraph 11 requests "all orders, reports and official documents issued by the Commission in connection with such investigations." These documents would not appear to be evidentiary as is required by United States v. Iozia, 13 F.R.D. 335 (S.D.N.Y.1952) and this paragraph is denied. United States v. Shindler, 24 F.R.D. 142 (S.D.N.Y.1959).

 Paragraph 12 requests any testimony or statements that defendant Albert gave to the Securities and Exchange Commission or any other Government agency. I am informed that Albert gave no testimony or statements and, therefore, this item is moot. However, if Albert did so testify, a copy of the transcript must be made available to him if he testified pursuant to a subpoena. 5 U.S.C.A. § 1005(b).

 Paragraph 13 requests any testimony or statements made by Albert's codefendants. I do not feel that statements by codefendants are documents within the scope of Rule 16. United States v. Peltz, 18 F.R.D. 394 (S.D.N.Y. 1955). This request is denied. United States v. Woodner, supra; United States v. Shindler, supra.

 Paragraphs 14 and 15 request statements by prospective Government witnesses and by persons who are not prospective Government witnesses. These are denied at this time. 18 U.S.C. § 3500.

## BILLS OF PARTICULARS

Defendants Albert, Abrams, Gordon and Knohl have made motions for bills of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. Defendant Albert also has a motion to amend his original demand for a bill of particulars. This motion to amend is granted.

The function of a bill of particulars is to enable defendants to prepare for trial, prevent surprise and to permit them to plead double jeopardy in the event of subsequent prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); United States v. Klein, 124 F.Supp. 476 (S.D.N.Y.1954). In this case, it would serve no useful purpose to enumerate each of the items that defendants seek since, for the most part, they seek the Government's evidence or the theory of the Government's case.

Defendant Knohl's bill is granted as to items b, c, e, f, g, k, l and m relating to Counts 101, 102 and 103, and as to item s relating to Count 104. Defendants Abrams' and Gordon's bill is granted as to items b, c, d, e, g, h, i, o, p and q relating to Counts 1 through 25 and 55 through 79, and as to item x relating to Count 104. Defendant Albert's bill is granted as to items 4, 5, 6, 11, 13, 16, 20, 23 and 24.

The motions are disposed of as above. It is so ordered.