**UNITED STATES of America,**

v.

**Major COBB, Thomas Spivey, Allen Davidowitz, Rafael Astor, Richard Levin, Walter Hernick, a/k/a Walter Hall and Harold Epstein, Defendants.**

No. 67 Cr. 73.

United States District Court
S. D. New York.
July 17, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, by Roger J. Hawke, Asst. U. S. Atty., New York City, for the United States.

Wellman, Contarino & Mandler, Los Angeles, Cal., for defendant Hernick.

MANSFIELD, District Judge.

This is a motion by Walter Hernick, one of seven defendants charged with conspiracy to receive, conceal, buy, sell and facilitate the transportation and sale of marijuana contrary to law (21 U.S.C. § 176a), for a blanket discovery of evidence in the Government's possession, purportedly made pursuant to Rules 16 and 17, F.R.Crim.P., and the Due Process clause of the Constitution. The Movant demands numerous all-inclusive categories of evidence, which in effect would require the Government, if the motion were granted, to open up to the Movant its entire files pertaining to the case (and possibly to other proceedings), solely on the conclusory statement of Movant's attorneys, unsupported by any affidavit or other facts showing materiality or reasonableness, that they desire inspection because they think the evidence is material and "will expedite the trial of the cause and materially aid the defendant in the preparation of his defense."

Even after giving full effect to the recent liberalization of pretrial discovery in criminal proceedings, this Court is of the opinion, for the reasons hereinafter stated in more detail, that such a free-wheeling, dragnet, general exploratory fishing expedition must be denied, except to the extent consented to by the Government, in the absence of specificity and some showing of materiality or good cause. See United States v. Van Allen, 28 F.R.D. 329, 335 (S.D.N.Y.1961); United States v. Abrams, 29 F.R.D. 178, 183 (S.D.N.Y.1961). On its face the demand appears to be both indiscriminate and unreasonable. If the Supreme Court and Congress had intended to authorize such rummaging through Government files upon mere request, the detailed provisions and limitations found in Rule 16, F.R.Crim.P., would be both unnecessary and meaningless.

In the interest of facilitating consideration of the items demanded, they are divided into three categories: I. Demands under Rule 16, F.R.Crim.P.; II. Demands under Rule 17, F.R.Crim.P.; and III. Demands under the Due Process clause of the Constitution.

I. *Demands under Rule 16, F.R. Crim.P.*

Movant's demands for "1(a) All books, papers and documents relating to

the instant case which are in the possession of the Government" and for "1(d) All items secured through search and seizure in connection with the investigation of this case", are denied for failure to make any specific showing of materiality to Hernick's defense or reasonableness of the request as is required by Rule 16(b). The mere general allegation of counsel's motion papers (not even on affidavit) is insufficient. See United States v. Soyka, 265 F.Supp. 126 (S.D.N.Y.1967); United States v. Van Allen, supra.

█ Item 1(b) requests "Any statements made by the defendant to agents of the Federal Bureau of Investigation or any other law enforcement agency, statements which were reduced to writing by agents of the Federal Bureau of Investigation or which are contained in any report of the Federal Bureau of Investigation." This request is denied for the reason that the United States Attorney has stated in his affidavit that the Government has no such statements in its possession. In addition there has been a failure to allege substantial reasons in support of such discovery as required by this Court in its opinion in United States v. Carreau, 42 F.R.D. 408 (S.D.N.Y. June 30, 1967).

█ Request 1(c) is for "All scientific reports which were made in connection with this case." The Government consents to permitting the Movant to inspect the results of the one scientific test it has conducted in connection with this case. With the caveat that the Movant should also be permitted to copy this report if he wishes, the above-mentioned consent disposes of this matter.

█ Request 1(e) for "The Federal Bureau of Investigation criminal identification sheets showing the prior criminal record including felony convictions of Murray Lapidus, Danny Klein, Harry Cardona and any other Government witness" must be denied for failure to show any facts indicating materiality or reasonableness. No effort is made to acquaint the Court with the identity, much less the importance or relationship of the named persons to this case, other than to imply that they might become Government witnesses. It is well settled that the Government need not disclose its witnesses before trial, United States v. Manhattan Brush Co., 38 F.R.D. 4, 7 (S.D.N.Y.1965), and the recent amendments to Rule 16(b) expressly provide that "This rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500."

11. *Demands under Rule 17, F.R.Crim.P.*

██ Movant seeks a subpoena duces tecum requiring the Government to furnish him with "All documents, books, papers and objects obtained by Government counsel in any manner (a) in the course of the investigation by the Grand Jury which resulted in the return of the indictment herein, and (b) in the course of the Government's preparation for the trial of this cause, if such books, papers, documents and objects (1) have been presented to the Grand Jury, or (2) are to be offered as evidence on the trial of the defendant under the indictment." This request must also be denied. It is abundantly clear that Rule 17 does not provide a separate means of discovery, supplementing the ample and detailed provisions of Rule 16. See United States v. Van Allen, supra, 28 F.R.D. at 334; Bowman Dairy Co. v. United States, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879 (1951); United States v. Woodner, 24 F.R.D. 33 (S.D.N.Y.1959). Furthermore, Movant has failed to state any facts or circumstances showing that the items requested are reasonable and relevant, that they cannot otherwise be procured by exercise of due diligence, and that inspection is necessary to enable Movant to prepare for trial and defend himself. United States v. Iozia, 13 F.R.D. 335, 338

(S.D.N.Y.1952) ; United States v. Manhattan Brush Co., supra. In their zeal to assure a fair trial to the accused, neither Congress nor the Supreme Court has ever sanctioned such promiscuous perusal of Government files upon mere request.

### III. Demands under the Due Process Clause of the Constitution

Movant demands what he refers to as "Due process exculpatory evidence", the specification of which amounts to another shot-gun, all-inclusive, unspecific request for anything that might turn out to be useful, including "All information of whatever form, source or nature which * * * tends to exculpate the defendant * * * may be or become of benefit to the defendant * * * either on the merits of the case or on the question of credibility of witnesses," including "names, addresses and telephone numbers of any persons the Government knows to possess relevant information", the Grand Jury minutes of testimony of certain informants, any "threats of prosecution" to them, "contradictory statements, or identifications that might be used for impeachment of any other witness," etc.

The Government has stated that it is aware of its obligations under Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In light of this representation and the interpretation of *Brady* generally followed in this Court, and in the absence of any showing of particularized need at this time, we see no reason to grant such a pretrial fishing expedition or to assume that the Government will not conduct the prosecution fairly. See United States v. Leighton, 265 F.Supp. 27, 35 (S.D.N.Y. 1967) ; United States v. Manhattan Brush Co., supra. But cf. United States v. Gleason, 265 F.Supp. 880 (S.D.N.Y. 1967).

We recognize that although *Brady*,[1] *Giles*[2] and *Napue*[3] and similar decisions have dealt solely with suppression of evidence at trial rather than before trial, the object of the Due Process clause and the Fourteenth Amendment is to assure a fair trial to the accused and that there may be instances where disclosure of exculpatory evidence for the first time during trial would be too late to enable the defendant to use it effectively in his own defense, particularly if it were to open the door to witnesses or documents requiring time to be marshalled and presented. It is likewise true that a defendant cannot be expected to specify in advance exculpatory evidence in the hands of the Government that is unknown to him. On the other hand, the Government faces a similar dilemma for the reason that in the absence of a preview of the defendant's proposed defenses before trial, it may often be insufficiently apprised to be able to select all exculpatory material from its files. Indeed, the question of whether certain evidence is "exculpatory", like that of what evidence is "relevant", is frequently a matter of opinion, which can be resolved only in the light of all other evidence introduced at trial. Although it has been suggested by some that the question should be resolved by requiring the Government to submit all possible exculpatory evidence to the Court for *in camera* examination before trial, see United States v. Gleason, supra, this proposal, quite aside from the intolerable burden that might be heaped upon the Court in some cases, offers no real solution, for the reason that the Court may be less knowledgeable than the parties, particularly in criminal proceedings presenting complicated issues, and as the Supreme Court recently noted in cautioning against such a procedure in determining the extent to which Grand Jury minutes should be disclosed "The determination of what may be useful to the defense can properly and effectively be made only by an advocate", Dennis v.

---

1. Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963).

2. Giles v. State of Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967).

3. Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

United States, 384 U.S. 855 at 875, 86 S.Ct. 1840, at 1851, 16 L.Ed.2d 973 (1965).[4] These reasons dictate the impossibility of fashioning a workable method of assuring pretrial disclosure of "exculpatory" evidence, and the necessity of adhering to the philosophy evidenced in the Jencks Act of waiting until the Government's evidence unfolds at trial. However, this is not to say that the Government, which has the obligation of assuring that the defendant here will receive a fair trial, Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), should not furnish to the defendant before trial evidence that is obviously exculpatory and of such a nature that delay in disclosure would prevent the defendant from effectively using it at trial. In view of the practical difficulties, the decision as to whether the Government possesses any such evidence must be left to its good conscience, subject to the sanction that if it delays disclosure until trial, it may risk the granting of a motion for a mistrial.

■ Insofar as Movant seeks prior statements of witnesses to be called by the Government, he is amply protected by Title 18 U.S.C. § 3500 which entitles him, *after* they have testified, to examine their prior statements relating to the subject matter of their direct testimony. United States v. Giuliano, 348 F.2d 217, 223 (2d Cir.), cert. denied, 382 U.S. 939, 946, 86 S.Ct. 390, 406, 15 L.Ed.2d 349, 354 (1956). In addition he may examine their Grand Jury testimony after they have testified, see Dennis v. United States, supra; United States v. Youngblood, 379 F.2d 365 (2d Cir. June 21, 1967). In the event that such Jencks Act material or Grand Jury testimony is voluminous, the Government is directed to submit the same to the Court before commencement of trial so that the trial judge may determine, in the exercise of his discretion, whether to order that the material be furnished to defense counsel before completion of a witness' testimony, in order to afford counsel adequate opportunity to use such material upon cross-examination and undue delay during the trial.

■ In any event, strong reasons dictate against requiring the Government by its choice of witnesses. Here, to allow defendant's counsel to make his own determination of what evidence in the Government's file would be exculpatory, would be to give him permission to wander at random through these files with potentially great prejudice to effective future prosecutions. Thus there is a much more serious invasion of the Government's interest. Moreover, *Youngblood* and *Dennis* deal with disclosure at trial, while here defendant seeks even broader discovery on a pretrial basis.

The upshot of all this is that cogent criticisms can be made of the choice of any of the three possible individuals, prosecutor, judge, or defense attorney, to make the selection of what evidence must be turned over to the defendant as exculpatory. In full recognition of this, the Court believes that the best solution in terms of the interest of both the defendant and the public is to rely on the integrity and judgment of the United States Attorney subject to the sanction of possible reversal for failure to comply with his obligations.

---

4. The citation of the *Dennis* case for the proposition that the trial judge (or any other judge) is in a poor position to sort out that evidence in the Government's files which the defendant may be able to use in an exculpatory manner, may lead some to wonder why we have not adopted the solution which the Second Circuit Court of Appeals elected in United States v. Youngblood, 379 F.2d 365 (June 21, 1967), for the exact problem discussed in *Dennis*, namely, disclosure of Grand Jury minutes for aid in cross-examination of witnesses who have testified at trial. The procedure recommended in *Youngblood* is simply to give the defendant all Grand Jury testimony of the witness concerning the subjects about which he testified at trial and let his attorney make use of whatever he finds useful. The Court feels that any analogous solution of the instant problem would be ill-advised. There are two principal disinctions from the *Youngblood* procedure. There the defendant is only being given access to the Grand Jury testimony of those who testify at trial, and the Government may protect other investigations

to disclose the identity of informers, especially at this stage in the proceedings, see McCrary v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); United States v. Russ, 362 F.2d 843 (2d Cir. 1966); United States v. Coke, 339 F.2d 183 (2d Cir. 1963), and against requiring the pretrial disclosure of Grand Jury testimony of potential witnesses, United States v. Weber, 197 F.2d 237 (2d Cir.), cert. denied, 344 U.S. 834, 73 S.Ct. 42, 97 L.Ed. 649 (1952). Cf. United States v. Youngblood, supra, n. 3.

Accordingly, the motion is denied.

So ordered.