**UNITED STATES of America,
Appellee,**

v.

**Samuel FRAZIER, also known as Sam,
Appellant.**

**UNITED STATES of America,
Appellee,**

v.

**Andrew Bernard FRAZIER, also known
as Jocko, Appellant.**

**Nos. 11688, 11713.**

United States Court of Appeals
Fourth Circuit.

Argued March 4, 1968.

Decided April 15, 1968.

259

Samuel F. Kenney, Baltimore, Md. (Court-appointed counsel) for Andrew Bernard Frazier.

John Wheeler Glenn, Baltimore, Md. (Court-appointed counsel) [O'Connor & Preston, Baltimore, Md., on brief] for Samuel Frazier.

Alan I. Baron, Asst. U. S. Atty. (Stephen H. Sachs, U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, CRAVEN, Circuit Judge, and MacKENZIE, District Judge.

MacKENZIE, District Judge:

Samuel Frazier, Andrew Frazier, Frederick D. Frazier and James E. Smoot held up the First Federal Savings and Loan Association, in Anne Arundel County, Maryland, on December 23, 1966.

Smoot plead guilty and was dealt with separately.

A motion for a severance, timely filed prior to trial, and during trial, was overruled, and the trial proceeded jointly against Samuel Frazier, Andrew Frazier and Frederick Frazier before a jury

which convicted them under a joint indictment for bank robbery.

Frederick Frazier orally stated that he was a participant with three others, none of whom he knew or had ever seen before. There is no appeal filed for him.

Error is assigned as to Samuel Frazier and Andrew Frazier, on the grounds (1) that the trial judge erred in failing to grant a severance, (2) that the trial judge erred in failing to make an in camera inspection of the Government file to determine if there might be information therein exculpatory to Samuel Frazier or Andrew Frazier, and (3) that there was insufficient evidence to sustain the convictions of Samuel Frazier and Andrew Frazier.

■■ The joint charge against the defendants alleged to have participated in the same offense is proper under Rule 8(b), Federal Rules of Criminal Procedure. Likewise, severance from prejudicial joinder is a matter addressed to the sound discretion of the trial judge under Rule 14. The defendants question the soundness of the discretion that overruled their motions for severance. " * * [T]he question of severance or common trial is vested under Rule 14 in the sound discretion of the trial judge and his decision will be reversed on appeal only upon a clear abuse of that discretion". Cataneo v. United States, 167 F.2d 820, 823 (4th Cir. 1948). To be an abuse of discretion by the trial judge, it must be shown that the defendants did not receive a fair trial, that a "miscarriage of justice" has occurred. 53 Am.Jur. Trial, Section 56, p. 65.

■ Among the circumstances upon which defendants would rely for severance, are that Samuel Frazier, Andrew Frazier and Frederick Frazier had antagonistic defenses. Counsel for Samuel Frazier and Andrew Frazier move quickly to the fact that Frederick Frazier made a statement admitting his participation in the crime while Samuel Frazier and Andrew Frazier deny any connection

with the robbery. There is authority for severance when the statement of a co-defendant implicates another defendant, for instance, see Schaffer v. United States, 221 F.2d 17 (5th Cir. 1955), Barton v. United States, 263 F.2d 894 (5th Cir. 1959). But unlike those cases which support severance where the confession of one of the defendants implicates another, an examination of the instant record indicates that Frederick Frazier said, in his statement, that he did not know, nor had he ever seen, the three confederates with whom he was involved in the robbery. Since Andrew Frazier was his brother and Samuel Frazier his cousin, it would appear that Frederick Frazier's statement was not in furtherance of an antagonistic defense but was an alibi vehicle entirely in keeping with their denial of any connection with the holdup. No objection was offered by counsel for Samuel Frazier as FBI Agent Kennedy recited in evidence Frederick Frazier's statement to him (page 214 of the transcript of proceedings), and the statement in no way implicated Samuel Frazier nor Andrew Frazier. Counsel for Samuel Frazier referred the jury to the advantage offered to his client, that the statement of Frederick Frazier pointed no finger at Samuel Frazier. The two references in the statement to Andrew Frazier, while not involving him in the holdup were nevertheless removed from the statement as related, and no reference to Andrew Frazier was made. In addition to all of this, the trial judge, on his own motion, competently and thoroughly instructed the jury that such statement could only " * * * be considered against Frederick Frazier, no one else in the present situation."

If the antagonistic defense urged by Samuel Frazier and Andrew Frazier is that they denied their participation in the holdup while their co-defendant, Frederick Frazier, admitted his part, it can only be said that Frederick Frazier's statement was beneficial to them in the joint trial and the overruling of a motion for severance based upon the admission of this statement was certainly no

abuse of discretion to the point of contributing to an unfair trial or miscarriage of justice.

■ Nor do we believe that antagonistic defenses were involved between the two appellants merely because one (Samuel Frazier) was inside gathering up the money and firing a gun while the other (Andrew Frazier) was outside to drive the getaway automobile and had only furnished the weapons used. Whether the suggestion is that Andrew Frazier's participation was lesser and was too highlighted, as a crime, alongside Samuel Frazier's more active criminal activity, or whether Andrew Frazier's modest contribution served to emphasize Samuel Frazier's vicious criminality is not something we concern ourselves with. As we review the matter, it is not so much that the defenses were antagonistic to each other as it is that the evidence was antagonsitic to those defenses—and indeed it was, but not thereby illegal or inadmissible and certainly not error as the basis for overruling a motion for severance.

■ So, too, the objection is made that in this joint trial evidence properly admissible against one defendant may have had a derogatory effect on some other defendant against whom the same evidence was not admitted. Evidence was offered that Andrew Frazier had a gun collection; that Andrew Frazier was in possession of the getaway car; that Andrew Frazier lied that he was with another brother, James Frazier, who denied this. All this evidence, it is argued, was detrimental to Samuel Frazier. The trial court repeatedly, at appropriate times, admonished the jury as to the separation of the evidence and the defendants and it has not been shown that such evidence so burdens any other defendant as to brand the trial unfair.

In United States v. Miller, 340 F.2d 421, at page 423 (4 Cir. 1965), Judge Butzner quotes with favor the following excerpt from Mr. Justice Reed's opinion in Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954):

"It was within the sound discretion of the trial judge as to whether the defendants should be tried together or severally and there is nothing in the record to indicate an abuse of such discretion when petitioner's motion for severance was overruled. The trial judge here made clear and repeated admonitions to the jury at appropriate times that Hollifield's incriminatory statements were not to be considered in establishing the guilt of the petitioner. To say that the jury might have been confused amounts to nothing more than an unfounded speculation that the jurors disregarded clear instruction of the court in arriving at their verdict. Our theory of trial relies upon the ability of a jury to follow instructions. There is nothing in this record to call for reversal because of any confusion or injustice arising from the joint trial. The record contains substantial competent evidence upon which the jury could find petitioner guilty".

■ Finally, on the question of nonseverance, Samuel Frazier suggests that he might have proved an alibi by one of his co-defendants, except that such unnamed co-defendant might have availed himself of his Fifth Amendment privilege not to testify in this joint trial since he was also a defendant.

Suffice it to say that the Fifth Amendment right to refrain from giving self-incriminating evidence would have been no less effective in the instance of separate trials. One can only speculate that Samuel Frazier would now want at least the gamble that in the event of separate trials he might be lucky enough to draw a trial date subsequent to that of one of his confederates and this trial date, plus the earlier conviction of his alibi witness, might lead that witness to throw Samuel Frazier a bone by way of alibi. On such gambles, proper criminal procedure, for severance, cannot be based.

Samuel Frazier, in his appeal, also claims error by the trial judge on his refusal to make an in camera inspection of the Government file for any infor-

mation which might have been exculpatory to Samuel Frazier.

The authorities cited for this proposition are: Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963); Barbee v. Maryland, 331 F.2d 842 (4 Cir. 1964), but these cases are not in point. In each there had been a failure by the prosecuting authority to reveal evidence favorable to the accused upon request. In each case the Government knew of the evidence (a statement in *Brady,* supra; a gun in *Barbee,* supra).

■■ Here, the United States Attorney, in answer to pleadings and on his own volition, had revealed everything in his file which was required. He had specifically answered that there was no information in his records which could be of aid to Samuel Frazier, and that the defense was aware of virtually everything in his file. The defendant knows of no such exculpatory information, has never alleged that any such information exists, does not now claim that anything was hidden from him and cites no authority for the in camera inspection of the Government file by the trial judge. The obligation upon the Government not to suppress favorable evidence (*Brady,* supra) and affirmatively to disclose (*Barbee,* supra), does not make it incumbent upon the trial judge to rummage through the file on behalf of the defendant.

■ The record reveals ample evidence to support the connection of the defendants, Samuel Frazier and Andrew Frazier when tested by the rule that " * * * there is substantial evidence, which, taken in the light most favorable to the United States, tends to show that the defendant is guilty beyond a reasonable doubt". Bell v. United States, 185 F.2d 302, 310 (4th Cir. 1950); United States v. Quarles, 387 F.2d 551 (4th Cir. 1967); United States v. Martin, 387 F.2d 551 (4th Cir. 1967).

The judgments of convictions are affirmed.

Affirmed.