**UNITED STATES of America,**
**Plaintiff,**

**v.**

**James Leslie LADD, a/k/a James Olson;**
**Violet Ladd, a/k/a Viola Olson; Cecil**
**Wilbur Lynn, a/k/a Bill Lynn; Marvin**
**P. Curry; Charles M. Drauthamer;**
**John A. Sanderson and Richard Peil,**
**Defendants.**

**Crim. No. A–74–69.**

United States District Court
D. Alaska,
at Anchorage.

Dec. 5, 1969.

Douglas B. Baily, U. S. Atty., for
plaintiff.

Kay, Miller & Libbey, Harland W.
Davis, Anchorage, Alaska, for defend-
ants.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

This cause is before the Court upon two motions filed by defendant Cecil Wilbur Lynn. The first motion to be considered is for a Bill of Particulars under F.R.Crim.P. 7(f). The second is for production of evidence favorable to defendant Lynn under the precedent of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The United States has not opposed or responded to either of the motions.

### I. Motion for Bill of Particulars.

██ Defendant Lynn has requested a lengthy bill comprising some sixteen items. Of these, numbers 4, 6, 7, 9, 10, 11, 13, part of 14, 15, and 16 are requests for copies or reproductions of various documents. Such materials may not be reached through Rule 7(f) but fall within the scope of Rule 16(b).

Therefore, the motion is denied as to 4, 6, 7, 9, 10, 11, 13, that part of 14 requesting a copy or reproduction of a document, 15, and 16, with leave to defendant Lynn appropriately and with adequate showing to move for production under Rule 16(b).

Without opposition, the motion is granted as to item 2 [see 8 Moore, Federal Practice, ¶ 7.06[1] at 7–33–34 (2d ed. 1969)], as well as items 1, 3, 5, 8, 12, and 14, except that part of 14 requesting a copy or reproduction of a document. Plaintiff shall comply with this portion of the Order within 30 days of its date.

### II. Motion for Production of Evidence Favorable to Defendant.

The motion specifically requests production before trial of the following:

1. Records of previous convictions of prosecution witnesses;

2. Statements of witnesses not proposed to be called by the Government which tend to exculpate defendant Lynn;

3. Statements of witnesses, whether or not they will be called, which tend to indicate that defendant Lynn did not do certain acts alleged in the indictment;

4. Other evidence or statements indicating defendant Lynn's lack of *scienter;*

5. Other evidence or statements indicating that defendant Lynn acted in the normal capacity of an attorney at law rather than as a participant in the alleged offense.

██ The United States Supreme Court has ruled that a conviction cannot stand if the prosecution, in securing that conviction, suppressed evidence favorable to the accused. Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed. 2d 737 (1967), Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963). From this obligation to refrain from suppression, a duty of disclosure is logically inferred, and defendant Lynn has seized upon *Brady* and its progeny as the basis for his motion for pre-trial discovery and inspection of all evidence in the Government's files favorable to him. *See generally* Carter, Suppression of Evidence Favorable to an Accused, 34 F.R.D. 87 (1964).

Despite the urgings of respected commentators, e. g., 8 Moore, Federal Practice, ¶ 16.06[2] (2d ed. 1969), it has frequently been held that *Brady* and *Giles* do not necessarily create a right to pre-trial discovery greater than that created by F.R.Crim.P. 16. United States v. American Oil Co., 286 F.Supp. 742, 754 (D.N.J.1968); *see* United States v. Harris, 409 F.2d 77, 80–81 (4th Cir. 1969); Archer v. United States, 393 F.2d 124, 126 (5th Cir. 1968). However, it is recognized that there are some categories of exculpatory evidence which would be of little use unless disclosed before trial. United States v. Cobb, 271 F.Supp. 159, 164 (S.D.N.Y.1967); United States v. Gleason, 265 F.Supp. 880, 884–885 (S.D.N.Y.1967); Discovery in Criminal Cases, 44 F.R.D. 481, 504 (1968) (remarks of Jon O. Newman). The problem becomes particularly acute where, as here, defendant's request is broad and general, and includes much

matter the production of which before trial may conflict with the Jencks Act, 18 U.S.C. § 3500 (1964). *See generally* United States v. Gleason, *supra,* 265 F.Supp. at 886–887.

The *Gleason* court attempted to resolve these issues by requiring "at least the first" pre-trial disclosure of the Government's evidence to be made *in camera. Id.* at 885. Other courts have refused to require this, *see* United States v. Frazier, 394 F.2d 258, 262 (4th Cir. 1968). In United States v. Cobb, *supra,* 271 F.Supp. at 163–164, the court after careful consideration rejected *in camera* inspection as offering "no real solution." *Id.* at 163. This Court agrees with *Cobb.*

Full consideration having been given to the rules and authorities cited, Rule 5(B) (4) of the General and Criminal Rules of this court, the Court rules as follows:

■ a. The motion as to item 1 is denied, for the reason defendant Lynn has shown no compelling need for production of the criminal records, if any, of the Government's witnesses in advance of trial. *See* United States v. Gleason, *supra,* 265 F.Supp. at 886–887. Compare 1 Wright, Federal Practice and Procedure § 254 at 518 (1969).

■ b. The motion as to item 2 is granted. *See generally* Recent Changes in the Federal Rules of Procedure, in Proceedings of the 29th Judicial Conference of the Third Circuit, 42 F.R.D. 552, 569 (1966) (remarks of Charles Wright).

■ c. The motion as to item 3 is denied for the reason that production of the subject statements is in clear conflict with the Jencks Act, 18 U.S.C. § 3500(a) (1964). *See* United States v. Gleason, *supra,* 265 F.Supp. at 887.

■ d. The motion as to items 4 and 5 is granted, excepting only those statements of witnesses which the plaintiff will call at trial.

Plaintiff shall comply with this portion of the Order, paragraphs b and d, within 30 days of its date.

It is so ordered.