The UNITED STATES

v.

Pauline Clark WHITE, a/k/a Pauline Lit-
tlejohn, Osie Ligon, a/k/a Osie Lig-
gins. and Jimmy Liggins.

Crim. No. 26285.

United States District Court,
N. D. Georgia,
Atlanta Division.

May 19, 1970.

Robert L. Smith, Asst. U. S. Atty., Altanta, Ga., for the United States.

Bryan M. Cavan, Garland & Garland, Atlanta, Ga., for Pauline Clark White.

### ORDER

EDENFIELD, District Judge.

The above-styled criminal action is now before the court for consideration of Defendant White's motion for bill of particulars and motion to produce under Rule 16 of the Federal Rules of Criminal Procedure. In the motion for bill of particulars defendant requests information as to (1) names and addresses of co-conspirators; (2) criminal records of all Government witnesses; (3) names and addresses of informants; (4) whether the Government acquired knowledge or information concerning the offense charged in the indictment by means of electronic surveillance and if so the circumstances surrounding the surveillance and the substance of the evidence so obtained; (5) names and addresses of all persons who participated in the overt acts charged in the indictment; (6) whether any of those persons were acting on behalf of the Government; (7) precise manner in which the crime charged in the indictment is alleged to have been committed; (8) exact location of the alleged continuing acts charged in the indictment; (9) name of each and every person who took part in the continuing acts charged in the indictment; (10) exact location of the alleged sale, receipt, transportation and concealment of the narcotic drug charged in the indictment; and (11) exact time of the alleged criminal act charged in the indictment.

Bearing in mind that a bill of particulars is intended to apprise the defendant of the charge against him in

order to avoid prejudicial surprise at trial, to enable him adequately to prepare his defense, and to protect him against the possibility of being charged a second time with the same offense,[1] it is evident that most of this defendant's requests must be denied since they have nothing whatever to do with clarifying the charge against her but instead merely seek disclosure of the Government's case against her.

■ The Government's response shows that all co-conspirators presently known to the Government are named in the indictment; defendant's Request No. 1 therefore is unnecessary and will be denied.

■ Requests 2, 3, 5, 6 and 9 request names of, or information about, either participants in the crime with which defendant is charged or other Government witnesses. Defendant has not shown that this information is necessary to clarify the indictment and the court, concluding that it is not, denies the requests.

■■ Request No. 4 which seeks information regarding the Government's use of electronic surveillance is denied on the ground that such information relates to admissibility of evidence rather than to the offense itself and therefore is not available by means of a bill of particulars. (Even when such information is sought under the rules of discovery, disclosure is limited to illegally obtained evidence consisting of the defendant's own conversations and conversations which took place on his premises. Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).)

■ Requests 7 and 8 cannot be granted as worded in defendant's motion since that wording unduly restricts the Government in its proofs and defendant has shown nothing which would justify such an effect; treating the two requests as calling for the general manner in which the crime allegedly was committed and the general location of the act charged in the indictment they are granted.

■ Request 10 is not applicable to the instant indictment and is therefore denied. Request 11 is denied on the ground that the allegation that the importation of the narcotic drug occurred on or about August 5th, as contained in the indictment, is sufficiently definite to apprise defendant of the offense with which she is charged.

■ Before considering defendant's motion to produce under Rule 16 of the Federal Rules of Criminal Procedure the court notes that while a defendant has virtually an absolute right to discovery of the materials listed in 16(a), when he seeks discovery under 16(b), he must show both that the objects sought are material to the preparation of his defense and that his request is a reasonable one.[2] 1 Wright, Federal Practice and Procedure, § 253 at 500. Furthermore, Rule 16(b) expressly prohibits discovery of the Government's work product and statements made by prospective Government witnesses to agents of the Government.

---

1. *See, e. g.,* Pipkin v. United States, 243 F.2d 491 (5th Cir. 1957); 1 Wright, Federal Practice and Procedure, §§ 129–131; 1 Orfield, Criminal Procedure Under the Federal Rules, § 7:129.

2. Rule 16(a) provides generally for discovery of (1) any of defendant's written or recorded statements over which the Government has control; (2) results or reports of physical or mental examinations and of scientific tests and experiments made in connection with the particular case; and (3) recorded testimony of the requesting defendant before a grand jury.

Rule 16(b) permits discovery of books, papers, documents, tangible objects, buildings or places, which are within the Government's control, provided that the defendant shows them to be material and reasonable and provided that the objects sought do not fall within the work product and Government witness exceptions to this rule.

In the instant case defendant has made no effort to demonstrate the materiality and reasonableness of her requests, nor has she supported the motion with a brief of authorities as required by Local Rule 8. Additionally, much of the information sought falls within the specific exclusions contained in Rule 16(b).

Although the Government's response shows that it has in its possession no statements made by the defendant or the co-defendant and has no knowledge of such statements, that response does not necessarily preclude the existence of statements to which the defendant has a right under 16(a) (1). Accordingly, defendant's Requests 1, 2 and 3 will be granted to the extent that they seek discovery of written or recorded statements made by her, or copies thereof, which are in the "possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government."

Requests 5 and 6 are denied on the ground that defendant has not shown materiality and reasonableness as required by Rule 16(b) under which production is sought. The remainder of the requests are denied on the foregoing ground and on the additional ground that they fall within the specific prohibitions of 16(b). In denying these requests the court feels constrained to note that quite apart from the limited discovery provisions of Rule 16 the prosecution may be under a duty to disclose exculpatory information which would affect the accused's handling of his defense. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Although the *Brady* doctrine has developed in the context of post-conviction proceedings, it is generally conceded that information having a material bearing on defense preparation should be disclosed well in advance of trial. In light of the work-product and Government-witness exclusions of Rule 16, as well, as the other factors which may preclude an

order granting discovery under that rule, the courts necessarily must rely on the good faith and intelligence of the prosecution in making the appropriate *Brady* disclosures in advance of trial. 8 Moore, Federal Practice, ¶ 16.06[2] at 16–65, et seq.

For the reasons set forth above defendant's motion for a bill of particulars is granted in part with respect to Requests 7 and 8 and is denied as to all other requests; the motion to produce is granted in part as to Requests 1, 2, and 3, and is denied as to all other requests.

It is so ordered.