The UNITED STATES
v.
Roger Thomas ELEY.
Crim. No. 27005.

United States District Court,
N. D. Georgia,
Atlanta Division.
Jan. 3, 1972.

John W. Stokes, Jr., U. S. Atty., Eugene A. Medori, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Marvin S. Arrington, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Defendant Roger Thomas Eley ["defendant"] has moved this court for a preliminary hearing, for severance and separate trial, for the production of certain investigative reports, and for the disclosure of all evidence favorable to him including:

"(1) The statements of all persons who have been interviewed by an agent of the Government in connection with the subject matter of this case and whom the Government does not presently intend to call at trial.

(2) The memoranda or summaries of any oral statement made to an agent of the Government by any person in connection with the subject matter of this case whether or not

(a) the statement, if in writing, has been signed, or approved by the witness, and

(b) the statment relates to the proposed subject matter of the direct testimony of the witness at trial.

(3) The stenographic recording or transcription of any oral statement made by any person to an agent of the Government in connection with the subject matter of the case, whether or not

(a) the stenographic recording or transcription is substantially verbatim recital of the statement, and

(b) the statement was recorded contemporaneously with its making, and

(c) the statement relates to the proposed subject matter of the direct testimony of the witness at trial.

(4) The statements of persons or memoranda or recordings of any oral statement of any person, whether or not made to an agent of the Government.

(5) The transcript of the testimony given before the Grand Jury during its investigation and consideration of the subject matter herein by any persons whether or not the Government intends to call them to testify at trial.

(6) Any memoranda, documents or statements used by the Government during the investigation of this case.

(7) The names and addresses of all persons who may have some knowledge of the facts of the present case.

(8) A summary reflecting the criminal records of all persons the Government intends to call at trial.

(9) All reports and memoranda prepared on behalf of the Government or otherwise in connection with the investigation of this case.

(10) Written or recorded statements, or a summary of any statement made by defendant or copies of such statements.

(11) The results of reports of any scientific or economic tests or experiments or studies made in connection with the instant case, or copies of those reports."

Turning first to the motion for a preliminary hearing, the court notes

that defendant was indicted by the grand jury July 7, 1971. Since probable cause has already been established, there is no need for a preliminary hearing. Bayless v. United States, 381 F.2d 67 (9th Cir. 1967); United States v. Brown, 305 F. Supp. 299 (S.D.Ga.1969).

■ The Government does not oppose defendant's motion for severance and separate trial and concurs in defendant's belief that a trial in which Eley would be joined with the other two defendants would be prejudicial to him. Defendant's motion for severance will therefore be granted.

■ Defendant's discovery requests are based on Brady v. Maryland, 373 U. S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In *Brady* the Supreme Court held that the requirements of due process prohibit the prosecution from withholding favorable evidence from an accused which would tend to exculpate him or reduce punishment. Numerous courts have held that *Brady* does not speak to pretrial discovery. *E. g.*, United States v. Moore, 439 F.2d 1107 (6th Cir. 1971); United States v. Sklaroff, 323 F.Supp. 296 (S.D.Fla.1971); United States v. King, 49 F.R.D. 51 (S.D.N.Y.1970); United States v. Gardner, 308 F.Supp. 425 (S.D.N.Y.1969); United States v. Zive, 299 F.Supp. 1273 (S.D.N.Y.1969); United States v. Zirpolo, 288 F.Supp. 993 (D.N.J.1968); United States v. American Oil Co., 286 F.Supp. 742 (D. N.J.1968); United States v. Armantrout, 278 F.Supp. 517 (S.D.N.Y.1968); United States v. Manhattan Brush Co., 38 F.R.D. 4 (S.D.N.Y.1965). *See also* United States v. Harris, 409 F.2d 77 (4th Cir.), cert. denied, Brown v. United States, 396 U.S. 965, 90 S.Ct. 443, 24 L.Ed.2d 430 (1969); United States v. Cobb, 271 F.Supp. 159 (S.D.N.Y.1967).

In contrast to these decisions, however, the Fifth Circuit reversed this court's denial of an accused's motion for pretrial discovery of certain information on the ground that such action may have denied the accused the due process requirements which the Supreme Court in *Brady* had announced. Williams v. Dutton, 400 F.2d 797 (5th Cir. 1968), cert. denied, 393 U.S. 1105, 89 S.Ct. 908, 21 L.Ed.2d 799 (1969). The panel [1] held:

> "It is now clear that *Brady* imposes an affirmative duty on the prosecution to produce at the appropriate time requested evidence which is materially favorable to the accused either as direct or impeaching evidence." At 800.

Other courts have explicitly held that under *Brady* favorable evidence must be disclosed by the prosecution well in advance of trial. United States v. Leichtfuss, 331 F.Supp. 723 (N.D.Ill.1971); United States v. Ladd, 48 F.R.D. 266 (D.Alaska 1969); United States v. Gleason, 265 F.Supp. 880 (S.D.N.Y.1967). *See also* United States v. Bryant, 142 U.S.App.D.C. 132, 439 F.2d 642 (1971). This court recently expressed its agreement with the position taken in the latter cases but held that pretrial discovery motions seeking "all evidence favorable to the accused" could best be handled by denying such motions and relying on the good faith of the prosecution to comply with its *Brady* duty "well in advance of trial." United States v. White, 50 F.R.D. 70, 73 (N.D.Ga.1970).

The Fifth Circuit recently affirmed this court's ruling in *White* and again lapped the shores of the *Brady* problem by quoting with apparent approval this court's conclusion that *Brady* is a factor in pretrial discovery. United States v. White, 450 F.2d 264 (5th Cir. 1971). Writing for the panel, Judge Rives held that this court's denial of White's motion for pretrial discovery of all favorable evidence could be sustained because:

> (1) defendant failed to make a showing of materiality; and

> (2) this court had expressly observed that the prosecution had a duty under *Brady* to disclose all evidence favorable to the accused "well in advance of trial" and there was no reason to believe it had not complied with that duty.

---

1. The writer of this opinion sat by designation on that panel.

Judge Rives went further, however, and added that even if this court committed error in denying White's motion, the error was harmless. The inference this court has drawn is that in other circumstances it could well be reversible error to deny motions seeking pretrial discovery of all favorable evidence. The court therefore deems it proper to reconsider its method of dealing with *Brady* motions in order to better guarantee the accused his due process rights and to retard the occurrence of reversible error.

Clearly an accused would prefer that the court order the prosecution to turn over its entire file to him for inspection so that he may determine which material is favorable to him and which is not. But *Brady* calls only for the disclosure by the prosecution of evidence favorable to the accused; *Brady* provides no basis for ordering the prosecution to disclose everything it has. Moreover, the file may contain information relating to other investigations still in progress or classified information. These considerations impel the court to reject such an approach to the *Brady* problem. United States v. Mitchell, 408 F.2d 996 (4th Cir. 1969); Williams v. Dutton, *supra*; United States v. Jordan, 399 F.2d 610 (2d Cir. 1968); United States v. Leichtfuss, *supra*. But see Xydas v. United States, 144 U.S.App.D.C. 184, 445 F.2d 660, 668–669 (1971) (concurring opinion). On the other hand, it would simply be too onerous for the court to assume the task of rummaging through the prosecution's file. United States v. Frazier, 394 F.2d 258, 262 (4th Cir. 1968).

An intermediate approach, suggested by Judge Frankel in United States v. Gleason, *supra,* calls upon the prosecution to submit to the court for in camera inspection all material which might conceivably be considered evidence favorable to the accused. This approach has its own problems. For example, the prosecution might take an unduly restrictive view of "evidence favorable to the accused." In addition, as the Supreme Court has remarked with respect to in camera inspections by a court:

"In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate." Dennis v. United States, 384 U.S. 855, 875, 86 S.Ct. 1840, 1851, 16 L.Ed.2d 973 (1966).

Nevertheless, upon reversing this court's denial of a pretrial discovery motion for fear a violation of *Brady* may have occurred, the Fifth Circuit in Williams v. Dutton, *supra,* remanded the case to this court with instructions that the court conduct an in camera inspection of the material in question to determine if it had to be disclosed under *Brady.* The panel recognized that this approach was only a compromise and might constitute a hardship, but it nevertheless adopted it. The Fifth Circuit reaffirmed its adoption of that method in United States ex rel. Williams v. Dutton, 431 F.2d 70 (5th Cir. 1970).

While the device of an in camera inspection may present the fewest difficulties for the ultimate resolution of *Brady* motions by a district court, it would seem to be inappropriate and unnecessary in the initial stages of a criminal proceeding. Instead, it appears to the court that in the overwhelming number of cases the *Brady* problem could be handled routinely by the prosecution and the accused through a simple request procedure. Such a procedure is now the local rule in the United States District Court for the Northern District of Illinois. *See* United States v. Leichtfuss, *supra,* 331 F.Supp. at 728–729. Under the procedure this court will adopt, the accused will be permitted, upon request, to inspect and copy any information in the possession of the prosecution which might be helpful to his case. If the prosecution entertains a genuine doubt as to the applicability of *Brady* to a particular piece of information or questions the necessity of pretrial discovery of information subject to *Brady* disclosure, it may so inform the accused.

The accused will have the option of letting the matter rest or pursuing pretrial discovery of the particular information through a formal motion to this court. The court will then order the prosecution to submit the information in question for in camera inspection and proceed to adjudicate the controversy. Should either party appeal the court's ruling on the motion, the appellate court would have before it both the specific information in controversy and the specific findings of the district court with respect to that information.

When a formal motion for pretrial discovery of some information is made, the court will have to determine both *whether* the information must be disclosed under *Brady* and *when* such disclosure, if necessary, must be made. The Supreme Court has so far refrained from elaborating upon the phrase "evidence favorable to an accused." Giles. v. Maryland, 386 U.S. 66, 73–74, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967). Mr. Justice Fortas, concurring in *Giles*, called for the disclosure of "information which is material, generously conceived, to the case, including all possible defenses." At 98, 87 S.Ct. at 809. The District of Columbia Circuit has considered this matter and ordered the disclosure of any information which might lead a jury to entertain a reasonable doubt about the guilt of the accused or which might otherwise change the configuration of the trial. Levin v. Clark, 133 U.S.App. D.C. 6, 408 F.2d 1209, 1212 (1967). As Justice Fortas has observed, the prosecution should not be obligated under *Brady* to disclose

". . . information merely repetitious, cumulative, or embellishing of facts otherwise known to the defense

or presented to the court, or without importance to the defense for purposes of the preparation of the case or for trial . . . [nor] preliminary, challenged, or speculative information." Giles v. Maryland, supra, 386 U.S. at 98, 87 S.Ct. at 809.

On the other hand, the Supreme Court in *Giles* held that *Brady* may well require the disclosure of specific, favorable information to the accused, even if such information is contained in statements, reports, memoranda, or other "work product" materials.[2] In the initial stage, at least, the prosecution will be ordered to give the accused access to any information which might be considered helpful to his case.

Once the court determines that under *Brady* the prosecution cannot suppress the information in question, it must decide when the prosecution should disclose it. At a minimum, the court should be convinced that the information would have a "material bearing on defense preparation" before it grants pretrial discovery of such information. *See* United States v. White, 50 F.R.D. at 73; *cf*. Ashley v. State of Texas, 319 F.2d 80, 85 (5th Cir. 1963). For example, in United States v. Gleason, *supra*, the court found nothing novel or unexpected in certain statements which had been submitted for in camera inspection, nor did it find any urgent or compelling reason which would necessitate their disclosure well in advance of trial. The court there did decide that under *Brady* the statements had to be disclosed to the accused, but it postponed such disclosure until the time of trial. There may also be important policy reasons which would militate against pretrial discovery of information which the prosecution must disclose under *Brady*.[3]

2. The Fifth Circuit in *White* spoke of the accused's obligation to show materiality in order to get *Brady* disclosures. This would certainly apply to those instances in which the accused has knowledge of specific information which is in the possession of the prosecution and which would be favorable to him. However, in those instances in which the accused is unaware of what the prosecution possesses and must resort to a broadside request for "all favorable evidence," it would be unrealistic to expect him to show anything more than a general need.

3. Thus in *Gleason* the court observed that pretrial discovery of the statements in question might conflict with the provi-

It should be emphasized that *Brady* does not replace Rule 16 of the Federal Rules of Criminal Procedure or the Jencks Act, 18 U.S.C. § 3500 (1970). Rule 16 and the Jencks Act provide for *general* discovery of certain information under certain conditions. *Brady* is an expression of the constitutional mandate of due process and declares that any trial, whether in state or federal court, is inherently unfair if the accused has not been apprised of information in the possession of the prosecution which may exonerate him or reduce punishment. In some instances *Brady* will allow for pretrial discovery by the accused, but such discovery will be limited to favorable evidence. If this aspect of *Brady* conflicts with state or federal statutory restrictions, those restrictions, of course, must fall in favor of the constitutional mandate.

■ It should also be pointed out that the *Brady* duty affects not only the office of the United States Attorney in Atlanta, but also any other investigative agencies of the Government which have gathered information as part of the case of the prosecution against the accused who seeks disclosure. Thus if the Bureau of Narcotics and Dangerous Drugs or the Federal Bureau of Investigation have participated in the case and have in their possession information which may be favorable to the accused, it must be disclosed to him. United States v. Bryant, *supra*, 439 F.2d at 650. Of course, the prosecutor has no duty to disclose information in the possession of governmental agencies which are not investigative arms of the prosecution and have not participated in the case, even if such information might be helpful to the accused. United States v. Brooks, Criminal No. 26863 (N.D.Ga., Dec. 7, 1971).

■ Applying the foregoing principles to the instant case, the court will order the prosecution to allow Eley to inspect and copy any information in its possession that might be considered helpful to his case, including such information contained in the material covered by defendant's requests numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, and 11. The prosecution need not give defendant access to any other information contained in the material covered by those numbered requests.[4] Request No. 10 seeks

---

sions of the Jencks Act since it was possible that the author of the statements would be called as a Government witness. The court noted, however, that if that were the only obstacle in the face of pretrial discovery, the statutory timetable would have to fall in favor of the demands of due process.

4. Requests numbered 1, 2, 3, 4, 6, and 9 as worded seek general discovery of various statements and memoranda. Under *Brady* the prosecution need disclose only information in those materials which might be helpful to defendant's case. United States v. Leichtfuss, *supra*; United States v. Ladd, *supra*.

Request No. 5 seeks the transcript of testimony given before the grand jury in this case by any persons, whether or not the prosecution intends to call them as witnesses at trial. In Dennis v. United States, *supra*, the Supreme Court held it was reversible error to deny a defendant's motion for the production of the grand jury testimony given by persons who had testified on direct examination at trial, so long as defendant had made a showing of "particularized need." The Jencks Act, as amended, now explicitly allows the defendant *general* discovery of the grand jury testimony given by persons who are later called as witnesses at trial, on condition that the motion for such discovery is made after the witness has testified on direct examination. Apart from *Dennis* and the Jencks Act, however, the due process requirement of *Brady* guarantees the accused disclosure—in some cases well in advance of trial—of the grand jury testimony of *any* person, whether or not he is later called as a witness at trial, but such disclosure is limited to the extent the testimony may be favorable to the accused. Xydas v. United States, *supra*, 445 F.2d at 666. Defendant is entitled under Rule 16 of the Federal Rules of Criminal Procedure to unrestricted discovery of his own testimony before the grand jury but he has not so moved. Therefore the prosecution need only disclose that portion of the grand jury testimony which might be helpful to defendant's case.

the transcript of any statement defendant has given to the Government. Since the Government, in response, has indicated that defendant has given no statements to the Government, that request will be denied.

Although the procedure adopted today may impose some hardship on the prosecution and this court, it must be remembered that:

> "Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly. An inscription on the walls of the Department of Justice states the proposition candidly for the federal domain: 'The United States wins its point whenever justice is done its citizens in the courts.'" Brady v. Maryland, *supra*, 373 U.S. at 87, 83 S.Ct. at 1197.

For the foregoing reasons, defendant's motion for a preliminary hearing is denied. His motion for severance and separate trial is granted. His motion for discovery of all evidence favorable to

him and his motion for discovery of investigative reports are granted to the extent that the prosecution shall permit him to inspect and copy any information in its possession which might be considered helpful to his case, including information contained in the materials covered by defendant's requests numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, and 11. Defendant's request for discovery numbered 10 is denied.

It is so ordered.[5]

### APPENDIX

In light of the decision of this court in United States v. Eley, 335 F.Supp. 353 (N.D.Ga.1971), the following procedure shall be adhered to in the Atlanta Division of this Court:

(1) The United States Attorney, upon request of an accused, shall permit the accused to inspect and copy any information in the possession of the prosecution which might be considered helpful to the accused's case.

(2) If the United States Attorney entertains a genuine doubt as to whether

---

Request No. 7 asks for the names and addresses of all persons who may have some knowledge of the facts of the present case. It has been suggested that this information might be available to the accused under Rule 16(b). Recent Changes in the Federal Rules of Procedure, Proceedings of the 29th Judicial Conference of the Third Circuit, 42 F.R.D. 552, 569 (1966) (remarks of Prof. Charles Wright). However, it would seem that under *Brady* the prosecution has a duty to disclose this information if it possesses it since such persons might contribute evidence favorable to the accused. United States v. Gleason, *supra*, 265 F.Supp. at 886. Therefore the prosecution shall give defendant these names and addresses.

Request No. 8 seeks the criminal records of all persons the Government intends to call at trial. In Williams v. Dutton, *supra*, the Fifth Circuit held that *Brady* imposed an affirmative duty on the prosecution to disclose information which is favorable to the accused "either as direct or impeaching evidence." 400 F.2d at 800. Since the criminal records requested could be used as impeaching evidence, the prosecution must allow defendant to inspect and copy them. Unit-

ed States v. Leichtfuss, *supra*. Although the Eighth Circuit refused to reverse a lower court's denial of such a request, Hemphill v. United States, 392 F.2d 45 (8th Cir. 1968), it did not consider the application of *Brady* to the request.

Request No. 11 seeks the results of any tests or experiments made in connection with this case. Defendant would be entitled to unrestricted discovery of this material under Rule 16(a). However, he has chosen not to move under that rule and has based his request instead, on *Brady*. As a result, the prosecution need give him access to that material only to the extent it might be considered helpful to his case.

5. Should the prosecution entertain a genuine doubt as to the applicability of *Brady* to certain information in its possession, or should it question the necessity of pretrial discovery of certain information which must be disclosed under *Brady*, it may so inform defendant. Defendant may then move for discovery of such information if he so desires. Should he so move, the court will order the prosecution to submit such information for in camera inspection and will then dispose of the matter on its merits.

he must disclose certain information or questions the necessity of granting an accused pretrial discovery of certain information which must be disclosed, he may withhold such information from the accused. If he chooses to withhold such information, he shall notify the accused of the reason for this action and generally describe the information in question.

(3) If the accused, upon receipt of such notice from the United States Attorney, nevertheless desires discovery of such information, he shall so move in this court within ten days after arraignment or waiver thereof. The court may extend the time within which such motion shall be made in exceptional circumstances. Should the accused so move, the court will order the prosecution to submit the information in question for in camera inspection and proceed to dispose of the controversy on its merits.

Done this 30th day of December, 1971.

/s/ Newell Edenfield

NEWELL EDENFIELD

/s/ Charles A. Moye, Jr.

CHARLES A. MOYE, JR.

/s/ Richard C. Freeman

RICHARD C. FREEMAN

United States District Judges