### The UNITED STATES
### v.
### Willie James HOUSTON, Gary Ivey.
### Crim. No. 27116.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 15, 1972.

John W. Stokes, Jr., U. S. Atty., Charles A. Pannell, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

John E. Tomlinson, Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, District Judge.

Defendants have been indicted for forgoing, uttering, and publishing United States Treasury Checks and possessing stolen mail. They now move for pre-trial discovery under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2d 215 (1963), of the following three categories of information:

(1) the names and addresses of all persons known by the prosecution to have some knowledge of the

facts of the case against defendants;

(2) the criminal records of all persons the prosecution intends to call at the trial of this case;

(3) all written statements.

The prosecution opposes this motion and also moves for discovery of all evidence in defendants' possession which might tend to exculpate them.

■ This case presents the court with its first opportunity to rule on a *Brady* request under the new procedures announced in United States v. Eley, 335 F.Supp. 353 (N.D.Ga.1972). In *Eley* this court reviewed the extensive case law discussing *Brady's* effect on pretrial discovery by an accused and it concluded that, on the authority of Williams v. Dutton, 400 F.2d 797 (5th Cir. 1968), cert. denied, 393 U.S. 1105, 89 S.Ct. 908, 21 L.Ed.2d 799 (1969), the prosecution in this Circuit has an affirmative duty under the Due Process Clause to make available to an accused at the appropriate time, including well in advance of trial, information which would be favorable to him as either direct or impeaching evidence.

The court discussed in *Eley* the problem of administering the *Brady* and *Dutton* commands. It noted, on the one hand, that the accused would like to make his own determination as to what information in the possession of the prosecution is "favorable" to him. However, it pointed out that wholesale inspection of the prosecution's file by an accused would go far beyond *Brady* and provide an accused with information not mandated by the Due Process Clause. On the other hand, the court noted that it could not itself undertake in every criminal case to rummage through the prosecution's file in camera for information "favorable" to an accused. Accordingly, the court adopted an intermediate approach. It decided to rely on the good faith of the prosecution and to allow it to make the initial determination as to

whether information in its possession had to be disclosed to an accused before trial. However, in order to better protect the interests of the accused, the court expanded the scope of inquiry which the prosecution was to make at this initial stage and ordered it, upon timely request by an accused, to disclose before trial any information in the Government's possession which might be *helpful* to the accused's case.

■ The court expected that the *Eley* procedure would facilitate the handling of *Brady* requests with a minimum of judicial involvement. Thus it envisioned that if an accused requested from the prosecution certain information which either the Goverment did not possess at all or could not be helpful to the accused's case, the prosecution would respond that (a) the Government did not possess the information sought or (b) the Government did possess the information sought but the information could not be helpful to the accused's case.[1] If the prosecution made either of these responses the matter would end. No motion by the accused in this court for discovery of the requested information would be appropriate because the court would rely entirely on the good faith response of the prosecution. Similarly, if the Government did possess the requested information and the prosecution determined that it might be helpful to the accused's case, the prosecution would disclose it to the accused before trial and, again, no motion would be necessary.

■■ The court recognized, however, that there might be instances when the prosecution entertained a genuine doubt as to whether it had to make the *Brady* disclosure or when it believed the information was discoverable under *Brady* but that disclosure should be postponed until trial. In such circumstances the court stated in *Eley* that the prosecution could deny the accused's request. The court envisioned that if it chose to deny

---

1. The prosecution should provide such a response to each and every category of information requested by an accused.

the request the prosecution would respond that (a) the Government did possess the requested information but the prosecution believed that it had legal cause to deny the request or that (b) the Government did possess the requested information and the prosecution believed the information was discoverable under *Brady* but it had legal cause to postpone the disclosure until the time of trial. The prosecution would further inform the accused that he could challenge either response by motion in this court. The accused would then have the option of so moving. If he exercised the option within ten days of arraignment or waiver thereof, the prosecution could respond to the motion as usual and the court, if necessary, could order an in camera inspection of the information in question to resolve the controversy.

■ The present case is one of those instances when a formal motion in this court was appropriate. Defendants, through counsel, made an *Eley* request for the three categories of information listed above which the prosecution denied by letter,[2] and they now move for discovery of that information. The first category consists of the names and addresses of all persons known to the Government who have information about the facts of the case. Both in *Eley* and United States v. Porter, Criminal No. 27181 (N.D.Ga., Jan. 14, 1972), this court stated that the Due Process Clause requires that the prosecution disclose to an accused before trial, upon timely request, the names and addresses of persons known to the Government who have information about the accused or about the facts of his case. The same rule would apply to any statements the Government had taken from such persons

which might be helpful to the accused's case. In neither *Eley* nor *Porter*, however, did this court hold that such a rule would automatically apply if those persons were going to be called as witnesses by the prosecution so that their identities would become known at trial and any statements they made to the Government would become available to the accused at trial under the Jencks Act, 18 U.S.C. § 3500 (1970). The court did note in *Eley* that it could conceive of situations when the *Brady*-Due Process disclosure timetable established in *Dutton* would be pitted against the statutory disclosure timetable of the Jencks Act and that in such situations the court would have to weigh various factors to determine whether the statutory timetable had to fall in the face of the constitutional mandate. The Fifth Circuit recently adopted this very approach in United States v. Harris, 458 F.2d 670 (5th Cir. 1972).[3] Such a situation is now at hand.

The idea that the prosecution should furnish an accused before trial in any criminal case with its witness list is not so revolutionary. In fact, it is incorporated, in modified form, in the proposed amendments to the Federal Rules of Criminal Procedure. Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to Rules of Criminal Procedure for the United States District Courts, 48 F.R.D. 547, 589–590 (1970). Nevertheless, the court sympathizes with the prosecution's concern that the furnishing of its witness list to an accused might lead to intimidation of the witnesses and might provide an accused with the opportunity to learn the wit-

---

2. The prosecution's response was not what the court had in mind. For example, the prosecution could have responded as to the criminal records by saying, as suggested in the text, that the Government does possess these records and the prosecution believes they are discoverable under *Brady*, but it has legal cause to postpone the disclosure until the time of trial. However, the *Eley* procedure is new, and

the court realizes that it may take some time before it begins to function smoothly.

3. In *Harris* the Fifth Circuit held that defendants' *Brady* request was not so substantial, and any prejudice that might have resulted from the trial court's adoption of the Jencks Act disclosure timetable not so harmful, to warrant the grant of a new trial.

nesses' testimony in advance of trial and fabricate appropriate alibis. The court also notes that defendants have not presented the court with any reason why the Jencks Act timetable—under which they will learn the identity of all witnesses for the prosecution and be able to inspect all statements these witnesses gave to the Government at the time of trial—should not be followed in this case. Accordingly, under the circumstances of this case, the court will deny defendants' request as to the first category of information to the extent it seeks the names and addresses of prospective witnesses for the prosecution.

However, the court adheres to its prior statements in *Eley* and *Porter* with respect to persons the prosecution will *not* call as witnesses at trial. These persons might have favorable evidence for defendant and the disclosure of their identity would have a material bearing on defendants' preparation for trial. United States v. Eley, *supra*, 335 F. Supp. at 357. Therefore, the prosecution will be ordered to disclose to defendants now the names and addresses of such persons known to the Government who have information about the facts of this case.

■ The second category of information sought by defendants consists of the criminal records of prospective witnesses for the prosecution. Both in *Eley* and *Porter* this court held that an accused should be given the criminal records of prospective witnesses for the prosecution because *Dutton* held that the *Brady* disclosure duty applies both as to direct *and impeaching* evidence. But the court specifically indicated in *Eley* that the prosecution could take the position that these criminal records, although discoverable, should not be disclosed to an accused before trial, and in the instant case the prosecution has taken that very position.

The court agrees with the prosecution under the facts of this case. Defend-

ants have presented no compelling reason for pre-trial discovery of the criminal records of prospective witnesses for the prosecution. Moreover, since the court has ruled that in this case the prosecution will not be ordered to disclose the names of these witnesses before trial, pre-trial disclosure of unidentified criminal records would be useless to defendants. Accordingly, the prosecution will be ordered to disclose the criminal records of its witnesses at the time of trial.

■ Finally, defendants ask for "all statements" in the possession of the prosecution. Since the prosecution has not indicated whether it possesses any statements other than the confession of defendant Houston, it will be ordered to disclose to defendants now any information contained in statements possessed by the Government which might be helpful to defendants' case, other than those statements taken from prospective witnesses for the prosecution.

■ The prosecution has made a cross-motion for discovery of all exculpatory evidence in defendants' possession based on Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). In that case the Supreme Court held that a Florida rule of criminal procedure compelling an accused to reveal to the prosecution prior to trial the names of any alibi witnesses he would call at trial was not unconstitutional. However, there is no federal rule now in existence[4] which compels such pre-trial discovery nor is there anything in the Constitution, corresponding to the due process guarantees accorded an accused, which mandates that the prosecution obtain such pre-trial discovery. The cross-motion will be denied.

For the foregoing reasons, defendants' motion for discovery is granted in part and denied in part as follows:

(1) It is granted to the extent that the prosecution is hereby ordered to dis-

---

4. The proposed amendments to the Federal Rules of Criminal Procedure include a provision similar to the Florida rule. Proposed Amendments, *supra*, at 592.

close to defendants now the names and addresses of all persons known to the Government who have information about the facts of this case and who are not prospective witnesses for the prosecution;

(2) It is granted to the extent that the prosecution is hereby ordered to disclose to defendants at trial the criminal records of witnesses for the prosecution; and

(3) It is granted to the extent the prosecution is hereby ordered to disclose to defendants now any information contained in statements possessed by the Government which might be helpful to defendants' case, other than those statements taken from prospective witnesses for the prosecution.

(4) In all other respects it is denied.

The prosecution's cross-motion for discovery is denied.

It is so ordered.