**The UNITED STATES**
**v.**
**Andrea MOORE.**
**Crim. No. 27634.**

United States District Court,
N. D. Georgia,
Atlanta Division.
Nov. 16, 1972.

John W. Stokes, Jr., U. S. Atty., Eugene A. Medori, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Rick S. Sexton, Atlanta Ga., for defendant.

ORDER

EDENFIELD, District Judge.

Defendant is charged in an indictment whose complete text reads as follows: "That, on or about the 10th day of May, 1972, in the Northern District of Georgia, Andrea Moore knowingly and intentionally did unlawfully distribute about 1.07 grams of heroin hydrochloride, a Schedule I narcotic drug controlled substance in violation of Title 21, United States Code, Section 841(a)(1)." By her present motions defendant asks that the government file a bill of particulars and that she be allowed to inspect and copy certain enumerated items.

The requested bill of particulars asks the government to:

(1) State the location and address of the alleged distribution;

(2) State whether the alleged distribution occurred inside or outside a building, and if inside a building, state the type of building and the name of any residents or owners thereof;

(3) State the exact date and time of day that the alleged distribution occurred;

(4) State the names and addresses of all persons who directly or indirectly took part in the alleged distribution, either prior to, during, or immediately after the alleged occurrence;

(5) State whether any of the above-named persons were in the employ or were present at the insistence of the United States government, or in the employ of any State or local government;

(6) State the name and address of any informer acting in behalf of the United States government during the alleged distribution.

██ In its response, the government states that the alleged distribution took place "during the early evening hours" on May 10, 1972, at a residence located in an apartment building at 117 Davage Street, Atlanta, Fulton County, Georgia. The court finds that this information satisfies defendant's requests (1), (2) and (3), above, and as to these requests defendant's motion is denied.

██ The government has refused to disclose the information requested in paragraphs (4), (5) and (6), above, stating that, "It is sufficient for the purposes of Rule 7(c), Federal Rules of Criminal Procedure, that the indictment apprise the defendant of all the essential facts of the offense charged," and that "The indictment in this case closely follows the language contained in Title 21 U.S.C. § 841(a)(1)." The court disagrees with the notion that a statement of facts sufficient to sustain an indictment is a conclusive argument against granting a bill of particulars. As stated in United States v. Smith, 16 F.R.D. 372, 374 (W.D.Mo.1954), "[T]he fact that an indictment or information conforms to the simple form suggested in the rules is no answer or defense to a motion for a bill of particulars under Rule 7(f). Rule 7(f) necessarily presupposes an indictment or information good against a motion to quash or a demurrer." Rather, "[T]he court may exercise its discretion to order the filing of the bill for the purposes of: (1) informing defendant of the facts constituting the offense and the nature of the charge with sufficient particularity to enable the preparation of an adequate defense; (2) avoiding or minimizing the danger of surprise at trial; and (3) perfecting the record so as to bar a subsequent prosecution for the same offense.

[Citations omitted.]" United States v. Davis, 330 F.Supp. 899, 901 (N.D.Ga. 1971).

Because the motion for a bill of particulars is directed to the discretion of the court, and is addressed to dissimilar fact situations, it is unsurprising that the decided cases differ as to whether a defendant should be apprised of those who allegedly participated in the wrongful conduct charged, and whether or not their identity as government agents should be ordered disclosed. *Compare, e. g.,* Medrano v. United States, 285 F.2d 23 (9th Cir. 1960), *with* Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L. Ed.2d 639 (1957); United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y.1962); and cases cited below. While no definite rules in this area are possible, guidance is provided by the 1966 Amendment to Rule 7(f) and a number of decisions which have contributed to a desirable decline in the "sporting theory" of criminal justice.[1] United States v. Jaskiewicz, 278 F.Supp. 525 (E.D.Pa.1968).

The 1966 Amendment to Rule 7(f) of the Federal Rules of Criminal Procedure, in the words of the Advisory Committee, was "designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." Especially recommended by the Committee as an illustration of "wise use of this discretion" was the opinion of Justice Whittaker in United States v. Smith, *supra,* written when he was a district judge for the Western District of Missouri. In *Smith* the information charged that on August 29, 1954, in Kansas City, Missouri, the defendant transferred several grains of heroin hydrochloride and one marijuana cigarette in violation of federal law. On motion of the defendant the court ordered the government to furnish a bill of particulars stating the date, time and

---

1. *See* Brennan, "The Criminal Prosecution: Sporting Event or Quest for Truth," 1963 Wash. U.L.Q. 279.

location of the offense, along with the name of the person or persons to whom the defendant allegedly sold and transferred the controlled substances, and whether such person or persons were, at the time of the alleged transfer, employed by or acting at the instance of the government. Said the court: "Nor is it any answer to a motion for a bill of particulars for the government to say: 'The defendant knows what he did, and, therefore, has all the information necessary.' This argument could be valid only if the defendant be *presumed to be guilty*. For only if he is presumed guilty could he know the facts and details of the crime. Instead of being presumed guilty, he is presumed to be innocent. Being presumed to be innocent, it must be assumed 'that he is ignorant of the facts on which the pleader founds his charges'. (citations omitted) . . . Without definite specification of the time and place of commission of the overt acts complained of, *and of the identity of the person or persons dealt with* (emphasis supplied), there may well be difficulty in preparing to meet the general charges of the information, and some danger of surprise." At 375 of 16 F.R.D.

A decision which addresses the exact issue presented here, in the context of an almost identical fact situation, and is specifically cited by the Advisory Committee as an example of how Rule 7(f) should be applied, is strong authority for granting the requested relief.

In addition to *Smith* several cases both prior and subsequent to the 1966 Amendment have required the government to disclose the identity of persons either participants in, or victims of the crime allegedly committed.

In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the defendant was charged with the illegal sale of heroin to one "John Doe" in violation of 26 U.S.C. § 2554(a). Before trial the defendant moved for a bill of particulars requesting, among other things, the name, address and occupation of "John Doe." The government objected on the ground that John Doe was an informer and that his identity was privileged. The motion was denied. The Supreme Court found that "John Doe's possible testimony was highly relevant and might have been helpful to the defense," and held that the district court "committed reversible error when it allowed the Government to refuse to disclose the identity of an undercover employee who had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged." At 55, 77 S.Ct. at 625.

In United States v. Williams, 309 F. Supp. 32 (N.D.Ga.1969), decided subsequent to the 1966 Amendment, the court ordered the government to reveal the names of persons mentioned as "co-conspirators" in an indictment charging the defendant with the illegal transfer of non-tax paid whiskey, and to disclose whether such persons were acting at the instance of the government. Similarly, in United States v. McNally, N.D.Ga., Criminal Action No. 26997 (order dated Jan. 14, 1972), this court compelled disclosure of the identity of a government agent mentioned prominently in an indictment charging defendants with conspiracy and the illegal importing and transferring of marijuana. Said the Court: "It is clear from the indictment that the unidentified agent was materially connected with the transactions resulting in defendants' alleged possession and importation of marijuana . . . The agent was an active participant in this case and was witness to the crucial elements of the alleged violations. In such circumstances the agent's identity must be disclosed. Roviaro v. United States, *supra*, Gilmore v. United States,

256 F.2d 565 (5th Cir. 1958)." *See, also,* United States v. Palmisano, 273 F. Supp. 750 (E.D.Pa.1967).

■ The court recognizes that the present indictment makes no mention of the participants in the alleged unlawful distribution of heroin. Any distinction drawn between this case and those cited above, however, on the basis of the government having excluded reference to an easily supplied "John Doe" or to unnamed conspirators, the court finds to be insubstantial relative to the rights of the accused. In this case, as in *Smith, Roviaro, Williams* and *McNally,* the defendant has a right to know the names and addresses of those persons, known to the government, who directly took part in the alleged illegal act, and whether such persons were agents of the government. To hold otherwise, as stated in *Smith,* would be to charge the defendant with knowledge of an offense to which she is presumed innocent until proven guilty, and would be to deny information favorable to her case as either direct or impeaching evidence. *See* Williams v. Dutton, 400 F.2d 797 (5th Cir. 1968). As a matter of technical pleading it may be questioned that the government should be required to disclose, pursuant to a motion for a bill of particulars, which if any participants in an alleged crime were agents of the government. A request for such disclosure, it might be argued, should be made in the form of a motion for discovery, governed by the procedure established for this District in United States v. Eley, 335 F.Supp. 353 (N.D.Ga.1972). In the present action, however, such a two-step procedure would involve unnecessary delay where the government, required to disclose the identity of participants known to it, has only to indicate which of those participants were in its employ.[2]

■ Defendant's motion for particulars is not granted as requested. Here, as in United States v. Houston, 339 F. Supp. 762 (N.D.Ga.1972), the court must rationalize the disclosure timetable of the Jencks Act, 18 U.S.C. § 3500 (1970), by which statements of witnesses to be called by the government need not be disclosed until trial, with that of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny, requiring the production of information helpful to the defense "at the appropriate time requested." Williams v. Dutton, *supra,* 400 F.2d at 800. There exist here competing considerations of the defendant's right to information which will allow preparation of an adequate defense, and "the prosecution's concern that the furnishing of its witness list to an accused might lead to intimidation of the witnesses and might provide an accused with the opportunity to learn the witnesses' testimony in advance of trial and fabricate appropriate alibis." United States v. Houston, *supra,* 339 F.Supp. at 765–766. In allowing defendant's request for particulars, therefore, the court requires the govern-

---

2. The purpose of the bill of particulars, "to sufficiently inform the defendant of the particular facts constituting the offense and the nature of the charge with sufficient particularity to enable the preparation of an adequate defense," quite clearly merges with the prosecution's affirmative duty under *Brady* to "produce at the appropriate time requested evidence which is materially favorable to the accused either as direct or impeaching evidence." Williams v. Dutton, *supra,* 400 F.2d at 800; Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

With the parallel expansion in the rights of the accused to information possessed by the prosecution, both through amended Rule 7(f) and the *Brady* decision and its progeny, the question for the court in many instances is not whether the information should be compelled, but when. In this regard the court notes that the denial in United States v. White, 50 F. R.D. 70 (N.D.Ga.1970), of substantially the same particulars requested in the present action, may be seen to represent an excessive and inappropriate concern with form.

ment to disclose the identity of only those persons who participated in and were present at the alleged distribution, or distributions if there were more than one, and does not require the disclosure, at this time, of the names and addresses of non-participant witnesses. Defendant's proper course for discovery of non-participant witnesses known to the government is outlined in United States v. Eley, *supra.*

Defendant's motion for inspection and discovery consists of six requests, each enumerating several specific items of information. Requests (1), (2) and (6) involve material to which defendant is entitled under Rule 16(a) and (b) of the Federal Rules of Criminal Procedure and as to these requests defendant's motion is granted.

█ Defendant's requests (3), (4) and (5) seek, respectively:

(3) Names and addresses of all persons who have knowledge pertaining to the case, or who have been interviewed by police or government agents in connection with the case.

(4) FBI and local arrests and conviction records of all persons in paragraph (3), the government plans to call as witnesses.

(5) Written statements of all persons in Paragraph (3) the government does not plan to call as witnesses.

As defendant has failed to employ the discovery procedures set forth in United States v. Eley, *supra,* these requests are denied without prejudice to defendant's right to move subsequently for discovery of information denied by the government, as provided in *Eley.*

For the foregoing reasons:

(1) Defendant's motion for a bill of particulars is granted in part and denied in part, as follows:

(a) It is granted to the extent that the government is hereby ordered to disclose the information sought in defendant's particulars (4), (5) and (6)

only as such information pertains to those persons who were present at, and participated in, the alleged distribution of heroin;

(b) In all other respects it is denied.

(2) Defendant's motion for discovery and inspection is granted in part and denied in part, as follows:

(a) It is granted as to requests (1), (2) and (6);

(b) As to requests (3), (4) and (5), it is denied without prejudice as stated above.